State vs. Porter.

## No. 11,248.

### THE STATE OF LOUISIANA VS. GEORGE PORTER.

The appointment of triors is not a matter of right.

The refusal of a motion to appoint triors does not vitiate the verdict of a jury.

There are cases, under an exception, settled in jurisprudence, in which evidence is admissible of another offence than that charged, to prove the intent of the defendant.

A PPEAL from the Eleventh District Court, Parish of St. Landry. *Perrault, J.*

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*John N. Ogden* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX. J. The defendant was charged, tried, convicted and sentenced.

He was indicted under Sec. 792, R. S., for " assaulting another by wilfully shooting at him."

Two errors are alleged:

The first, that the court erred in overruling his motion to appoint triors.

The bill of exceptions to the court's ruling recites that the accused filed a motion for the appointment of triors to " inquire into and ascertain the qualification of the jurors who were to pass upon his case."

The second, that the court erred in permitting the prosecuting officer to propound the question to the prosecuting witness: whether the accused had made an assault upon him with a knife just previous to the shootings.

The question was answered in the affirmative, it is alleged.

·The judge states, in the bill of exceptions to his ruling admitting the testimony, that it was part of a continuous act; that the evidence showed that the assault made by the accused on the prosecutor with the knife immediately preceded the assault made by him on the prosecutor, by wilfully shooting at him.

That he admitted the evidence to show malice toward the prosecutor.

The first question relates to the court's refusal to appoint triors.

As a preliminary to a discussion of the subject, it is in point to state that a principal cause of challenge is grounded upon facts producing "such manifest presumption of partiality that, being conceded or proven to be true, the challenge must be allowed, while challenge to the favor is grounded upon facts giving rise rather to a suspicion of partiality."

"Again the challenger must state why the juror did not stand indifferent; he must state some facts or circumstances which, if true, will show either that the juror is positively and legally disqualified, or create a probability or suspicion that he is not or may not be impartial. In the former case the challenge would be a principal one, triable by the court; in the latter it would be to the favor and submitted to triors." Thompson vs. Merriam, p. 105; Archibald's Waterman's Notes, p. 555, Vol 1.

These challenges, whether for principal cause or for favor, all relate to the competency *vel non* of jurors.

It would offer ground for discussion to determine whether sufficient showing is made in the case at bar of facts and circumstances creating a probability that jurors were not impartial; also to determine whether it is sufficient to bring up the question in reference to triors to present a motion written in general terms, moving the court to appoint triors.

The objection for favor must be made to the poll, and is presented ordinarily after the trial judge has determined that there is no ground to challenge for principal cause, and it then becomes timely to challenge on the ground of favor and to submit to triors.

But we prefer to rest our conclusions upon other grounds.

The case of State vs. Bunger, 11 An. 109, was remanded because of several errors committed in ruling.

As to one of these errors, it is stated that "as to the appointment of triors when there is a challenge to the juror, although such a request is unusual in this State, we think it should be allowed upon the request of the prisoner. It was the English practice, and our statute of 1805 adopted the common law of England as a guide in criminal procedure. Such seems also to be the practice in other States of the Union."

The opinion was authoritative at one time. It was rendered in 1856.

The question is subject to the changes made by subsequent legislation, and the consistent ruling of the courts.

It has become entirely exceptional to leave any question arising in selecting jurors to the discretion alone of the trial judge.

If triors are admitted, the challenge to the favor is to be determined by the conscience and discretion of the triors, and from their findings there is no appeal.

We do not think it is in contemplation of the law as now framed, particularly of those conferring jurisdiction upon courts, to leave the determination of any question wholly to an agency not judicial.

The jury laws have been entirely remodeled since that decision was rendered and they now contain entirely different provisions.

The first section of Act 44 of 1877 enacts that nothing in the act shall be so construed as to deprive the judges of the District Courts of the discretion to decide upon the competency of jurors when from physical infirmity, or from relationship within the fourth degree, or from ignorance of the English language *or other cause*, the person called may be incompetent to sit upon the trial. (Omitted words of the acts are not pertinent. Italics ours.)

Under the jury law in force in 1856 the exemptions from jury duty only are stated.

The jury laws enacted in 1877, and subsequently, in terms, authorize the judge to determine the competency of jurors for the causes expressed and "other causes."

The doctrine *ejusdam generis*, or *noscitur a sociis*, in its application to the phrase "the other cause" in the above section, will legitimately include the authority to decide all questions to the favor.

It is (*i. e.* the authority) of the same class and the same nature as the specially enumerated authority in Sec. 1 of Art. 44 of 1877.

The discretion to decide the degree of relationship and other similar questions, may, we believe, be classed under the above rule as being of the same generic character as those questions which arise when challenge is made as to favor.

Nothing shows the intention of the Legislature to limit the court's authority in this respect.

It is comprehensive and does not give rise to the inference that part of this authority is curtailed so as to allow the defendant application for the appointment of triors.

The second bill of exceptions relates, as we have stated above, to the proof of a previous assault made by the defendant on the prosecuting witness.

It was a continuous transaction says the trial judge.

As such it was permissible.

In State vs. Thomas, 30 An. 681, evidence of another offence than that charged was admitted to prove the intent.

In State vs. Patza, 3 An. 513, it is held:

"To this rule, however, there are exceptions, one of which is when it becomes material to show the intent with which the act charged was done. Evidence may then be given of a distinct offence not laid in the indictment."

The narrative of the trial judge in the bill of exception brings the ruling within the exception laid down in our jurisprudence.

It is therefore ordered, adjudged and decreed that the verdict and judgment appealed from be affirmed.