## THE CITY OF NEW ORLEANS *v.* MILLER.

The evil to be suppressed by the act of 19th March, 1835, entitled an act to prevent gambling, was the gaming house with its capital, always ready for play. Whether the capital, or stake, is owned or furnished by the house, or made up at the time by the players, the offence is the same. *Held :* Therefore, that the game of Keno is within the statute of 1835. The municipal authority of the city,· has no power to impose a penalty on that which the law of the State has made punishable as an offence.

APPEAL from the first Justice of the Peace for the Parish of New Orleans, *D. Byrne*, Justice.

*E. T. Parker* and *M. A. Foute*, for plaintiff. "The case of *Municipality No. One* v. *Wilson*, 5 Ann. 747, is fully applicable to this offence; it comes within that class of nuisances against the public order, not included in the statute, which it is the duty of the city to suppress, and for which the power has been delegated by the Legislature."

·*C. Roselius*, for defendant. By the court :

EUSTIS, C. J. This suit is instituted for the recovery of a penalty of one hundred dollars, for the violation of an ordinance of the late General Council of New Orleans, passed on the 19th November, 1846. The appeal is taken by the city, from the decision of one of the magistrates of New Orleans. He decided, that the ordinance under which the penalty was claimed, was null and void ; that the act for which it was sought to be enforced, was an offence under the penal laws of the State, and that the municipal power of the city had no authority to impose a penalty on that, which the law of the State had made punishable as an offence.

The ordinance provides, that it shall not be lawful to keep within the limits of the city, the game, or games, called keno, or lotto, or any other gambling games of hazard, or to allow such game, or games, to be played on any occupied premises, under a penalty of one hundred dollars.

It is evident from the other parts of this ordinance, and from the construction which it has always received, that the effect of the ordinance was to be the suppression of gaming in this form, or of playing the games mentioned, for money.

Our impression is, that the offense of keeping the game of keno, is punishable under the act of March 19th, 1835, entitled an act to prevent gambling. That act evidently purports to prohibit and punish the keeping of gaming houses. The terms used in it of banking house, or banking games, present no difficulty whatever as to its meaning. The evil to be suppressed, was the gaming house, with its capital, always ready for play. Whether the capital, or stake, is owned, or furnished by the house, or made up at the time by the players, the evil is the same, and the offense is the same.

This game of keno we understand to be of the latter description ; it is consequently within the statute of 1835.

The judgment of the court below is therefore affirmed, with costs.