## STATE OF LOUISIANA v. J. W. MARKHAM.

The rule that the defendant must not be charged with having committed two or more offences in any count of the indictment, does not apply to cumulative offences denounced in the same statute.

The prosecution for keeping a banking-game, or banking-house, is governed by the prescription of one year.

It is not necessary that the State should prove the dealing of Faro several times, in order to show a violation of the statute: once will be sufficient.

To keep a house where a banking-game is carried on, as well as to keep a banking game, is an offence under the statute: there is no real difference between keeping a banking-house where money is bet or hazarded, and keeping a house where a banking-game is carried on.

Where the Judge, in his charge to the jury, does not state nor recapitulate the evidence, so as to influence their decision on the facts,—nor state, nor repeat to them the testimony of any witness, nor give them any opinion as to what facts have been proved or disproved, the charge is not liable to the objection, that it touched upon the facts.

The imprisonment allowed, in default of the payment of any fine imposed by a sentence of the court, cannot exceed one year. Acts. 1855, sec. 4.

APPEAL from the District Court of the Parish of Caddo, *Jones, J.*
S. *Wells* and F. P. *Stubbs*, for the State.    *Hodge & Austin*, and R. S. *Parham*, for defendant and appellant.

VOORHIES, J.  The defendant's counsel assign as error several rulings of the District Judge, to which bills of exception have been taken.

I. There was filed a motion to quash, upon the ground that the indictment was void for duplicity.

The offence charged is, that the defendant " did keep a banking-game commonly called *faro,* and a banking-house, at which money, and various things representing money, (and commonly called chips or checks,) and other articles of value, were bet and hazarded; and the said *James Markham* did then and there aid and assist in keeping said banking-game and banking-house," &c.

This instrument is drawn in the words of the statute; and, although the latter denounces distinct offences, it does not follow that these cannot be included in the same count, without being obnoxious to the charge of duplicity. The rule, that the defendant must not be charged with having committed two or more offences in any count of the indictment, does not apply to cumulative offences, denounced in the same statute. " In penal statutes, said the court, when the statute enumerates several offences connected with the same transaction, or the intent necessary to constitute each offence, disjunctively, they may be alleged cumulatively in one count; and, in that event, must be charged in the indict-

STATE<br>v<br>MARKHAM.

ment conjunctively." *State* v. *Faut*, 2 An. 837 ; *State* v. *Bogan*, 2 An. 838 ; *State* v. *Banton*, 4 An. 32 ; *State* v. *Fuller*, 14 An. 668.

The following passage occurs in *Starkie*: "It is the usual practice to allege offences cumulatively, both at common law, and under the description contained in penal statutes, as : that the defendant published, and caused to be published," &c. Cr. Pl., p. 271.

The motion to quash was, therefore, properly overruled.

II. There is a bill of exceptions to the charge of the Judge to the jury, which was as follows :

"If the jury find that the defendant has dealt the game of Faro in the parish of Caddo, within the last twelve months, and if they further find that the game of Faro is a banking-game, then the defendant is guilty under the bill of indictment. Again, if the jury find that the defendant has kept a house in which the game of Faro has been dealt in the last twelve months, and that the game of Faro is a banking-game, he is guilty. The dealing of Faro one time or more, if it is a banking-game, is a violation of the statute, and, every time it is done, a new offence is committed."

The first objection to this charge is, that the accused "could not properly be convicted under the indictment in this case, by reason of having dealt Faro only at some indefinite time within the twelve months mentioned."

The vagueness of this objection has enabled the counsel to argue under it in this court a question which evidently was not contemplated by the District Judge. The accused did not express the desire that the court should charge the jury that it was necessary, for a conviction, to prove the offence to have been committed within twelve months preceding the preferment of the indictment, and not previous to the trial. The objection stated in the bill of exception related to the proof of the commission of the offence "*only at some indefinite time*" within the twelve months; and under this same objection, another question is presented, that is whether the offence charged in the indictment be subject to the prescription of one year, or to that of six months.

In order to give effect to the first objection, it were necessary to determine whether the Judge meant that the offence should have been committed within the last twelve months preceding the trial, or preceding the finding of the indictment. And, inasmuch as the matter was not called to the attention of the District Court, and the objection made specifically with reference to the same, the accused is not entitled to relief in the premises.

With regard to the question of prescription, there can be no difficulty. This is a prosecution for a criminal offence, and not a suit or prosecution for the recovery of a fine or forfeiture. Besides, the offence charged becomes, in case of its repetition, a felony : the accused, on a second conviction, is sentenced to imprisonment at hard labor. *State* v. *Jumel*, 13 An. 400 : Acts 1855, p. 145, § 95 ; Acts 1855, p. 151, § 10. The prescription of one year governs this prosecution. See also *State* v. *Hollin*, 12 An. 677 ; *State* v. *White & Ward*, 13 An. 573.

Secondly. The bill of exception states that : "once dealing the game of Faro does not constitute the offence of keeping a banking-game, or banking-house." In the case of the *State* v. *Agudo*, 5 An. 186, the court remarked : "Proof that *banking* and *gaming* had been carried on in the house, previously to the time the offence charged in the information was committed, gave the house this character ; and proof that the accused had *banked and gamed there* before the act and time charged in the information, tended to show the guilty knowledge and intention,

STATE
*v.*
MARKHAM

which, with the act, constituted the offence charged." It is not necessary, as contended for by the prisoner's counsel, that the State should prove the dealing of Faro several times, in order to show a violation of the statute : once will answer the purpose.

Thirdly. It is contended that, " the mere dealing of the game of Faro, it being a banking-game, or the mere keeping of a house in which the game of Faro has been dealt, within the twelve months mentioned, is not an offence under our laws."

To keep a house, where is carried on a banking-game, as well as to keep a banking-game, is an offence under the statute. Acts 1855, p. 145, § 95. There can be no real difference between keeping a banking-house, where money is bet or hazarded, and keeping a house where a banking-game is carried on. " That Act, said Chief Justice Eustis, evidently purports to prohibit and punish the keeping of gaming houses. The term used in it, of banking-houses, or banking-games, presents no difficulty whatever as to its meaning. The evil to be suppressed was the gaming-house, with its capital, always ready for play. Whether the capital, or stake, is owned, or furnished by the house, or made up at the time by the players, the evil is the same, the offence is the same." *City of New Orleans* v. *Miller*, 7 An. 651.

Fourthly. The accused objected to the charge, upon the ground that it touched the facts.

The Judge has not stated, nor recapitulated the evidence, so as to influence the decision of the jury on the facts ; he has not stated, nor repeated to them the testimony of any witness ; nor has he given any opinion as to what facts have been proved or disproved. The objection, consequently, has no foundation. Acts 1855, p. 151, § 16.

III. As in the case of the *State* v. *Butman*, ante p. 166, the prisoner was fined in the sum of one thousand dollars, and, in default of payment, ordered to be incarcerated until the fine and costs be paid. The maximum of imprisonment is not to exceed one year. Acts 1855, p. 151, § 4.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed ; and that this case be remanded, with instructions to the District Judge to pronounce sentence upon the accused, upon the verdict of the jury, according to law.

MERRICK, C. J., concurring. The case of the *State* v. *Jumel* is not precisely in point. There, the District Court had the option to pronounce a sentence of imprisonment, or to fine the accused. Here, it is not in the power of the court to do more than *fine*, unless the accused refuses to pay the fine inflicted.

I have, therefore, doubts, whether the Act relative to *criminal* proceedings, in view of Arts. 115 and 103 of the Constitution, does not limit prosecutions by *indictment* or *information* to six months where the penalty denounced is a *fine* only. The clause is in these words : " Nor shall any person be *prosecuted* for any fine or forfeiture under any law of the State, unless the *prosecution* shall be instituted within six months from the time of incurring such a fine or forfeiture. Nothing herein contained shall extend to any person absconding or fleeing from justice."

Notwithstanding my doubts on this question, I yield my impressions to the conclusions of my colleagues, in which they have great confidence.