(37 South. 607.)

No. 15,391.

STATE v. BEHAN et al.

(Dec. 5, 1904.)

GAMING—EVIDENCE.

1. In a prosecution under Act No. 12, p. 38, of 1870, relative to the keeping of banking houses and banking games, evidence is admissible to show the nature of the game of faro, and how it is played, including the part of lookout, assumed by defendant.

2. In such a prosecution the state may show that defendant participated in the dealing of faro in the same place within two weeks immediately preceding the date charged in the information, for the purpose, at least, of showing the character of the house and the guilty knowledge of defendant.

(Syllabus by the Court.)

Appeal from Criminal District Court, Parish of Orleans; Frank D. Chrétien, Judge.

Richard Behan and others were indicted for keeping a banking house, and Dennis Hannan was convicted, and appeals. Affirmed.

John Joseph Reilley and James O'Connor, for appellant. Walter Guion, Atty. Gen., Chandler Clement Luzenberg, Dist. Atty., and Henry Mooney, Asst. Dist. Atty., for the State.

LAND, J. Information was filed in the court a qua against Richard Behan, Taylor Dowty, William Dowty, Henry Moore, and Dennis Hannan, charging that each of them, on July 18, 1903, in the parish of Orleans—

"Did then and there unlawfully keep a banking house at a place designated as Old No. 18 Royal street, in the Second Municipal District of the City of New Orleans, and did then and there unlawfully keep a banking game, to wit, a game commonly called 'faro,' at which money and things representing money, and commonly called 'chips,' were bet and hazarded. And the said Richard Behan, Taylor Dowty, William Dowty, Henry Moore, and Dennis Hannan did then and there aid and assist in keeping the aforesaid banking game and banking house."

The defendants severed in their defenses, and we are now concerned only with the case against Dennis Hannan, who was tried before the district judge, without the intervention of a jury, under article 117 of the Constitution of 1898, found guilty of "unlawfully aiding," as charged, and sentenced to imprisonment in the parish prison for a term of six months, or to pay a fine of $1,000.

The appellant relies on two bills of exception.

Bill No. 1 was taken to the following question propounded to a witness for the state, viz.:

"What are the duties of a lookout—what is it they are there for?"

The objection was that:

"Court was not concerned in what the duties were, but strictly to what this defendant did,

and what his conduct was, on the day in question."

The court overruled the objection for the reason that:

"The question was relevant as showing that the game being played was a banking game, and that the defendant took part in the keeping and managing of said game."

The answer of the witness was as follows, viz.:

"To correct mistakes that the dealer may make."

There was no objection that the witness was not an expert as to the matter in question.

The testimony elicited was not only relevant to show that faro was a banking game, but to connect the position of defendant, as look-out, with that of the dealer or keeper. The objection goes more to the weight and sufficiency of the evidence than to its admissibility. As the witness did not express the opinion that faro was a banking game, or that the defendant participated in such a game, the authorities cited are not in point.

Bill No. 2. While the question propounded to the witness by the prosecution was objectionable, the time being referred to as "a year or week" before the date charged in the information, the answer of the witness was that he saw the defendant dealing faro in the same place 10 or 15 days immediately previous to the date charged; and the trial judge, by his ruling, limited the investigation to that period.

The objection stated in the bill was that the time indicated in the question was "too remote." As amplified in defendant's brief, the objection is that the evidence should have been restricted to the particular offense and date specified in the indictment, and that the lower court permitted the state, when there was no mistake as to time, to adduce evidence of a prior and distinct offense.

This very objection was considered and overruled in State v. Agudo, 5 La. Ann. 186, where the court said:

"But the defendants were accused of keeping a banking or gaming house. The keeping a banking or gaming house a single day might constitute the offense, but, in common acceptation, the keeping a house implies that it has been kept more than a day. It was, moreover, proper for the Attorney General, under the information, to show that the house was a banking and gaming house. Proof that banking and gaming had been carried on in the house previous to the time the offense charged in the indictment was committed gave the house that character, and proof that the accused had banked there before the act and time charged in the information tended to show the guilty knowledge and intention, which, with the act, constituted the offense charged."

This case was cited in State v. Markham, 15 La. Ann. 498, as showing that evidence that the defendant had previously banked and gamed in the same place was admissible to prove the character of the house, and guilty knowledge and intent. In the Markham Case the court held that it was not necessary that the state prove the dealing of faro several times, but that proof of one such dealing was sufficient. It was not intimated that the ruling in the Agudo Case was erroneous.

It is to be noted that the court in the Markham Case held that "to keep a house where is carried on a banking game, as well as to keep a banking game, is an offense under the statute." Where cumulative offenses are charged in the same indictment, evidence to establish either is admissible.

We are clear in our opinion that the state had the right to show the unlawful keeping of the house, and the participation of the defendant therein for a reasonable time prior to the date charged in the information, for the purpose, at least, of showing the character of the house and the guilty knowledge of the defendant.

Judgment affirmed.