BREAUX, C. J.
The defendants, Richard Behan, Taylor Dowty, Harry Moore, and Dennis Hannan, were charged with gambling in violation of law.
The information which they were called upon to answer sets out, substantially, that defendants' unlawfully kept a banking house, and therein a banking game, commonly called “faro,” at which money and things, representing money, commonly called “chips,” were bet and hazarded, and that defendants did then and there aid and assist in keeping the aforesaid banking game and banking house.
After hearing on the trial, Taylor Dowty was found guilty of unlawfully aiding and assisting in keeping a banking game and banking house. This finding was attacked by defendant Dowty, who urged:
“Although in the nature of a special verdict, this verdict fails to find all the essentials which are indispensable for the purpose of passing legal sentence thereon.”
The court thereafter amended this verdict as follows, to wit:
“Taylor Dowty guilty of unlawfully aiding and assisting in keeping a banking game and banking house, at which money and things representing money, and commonly called ‘chips,’ were bet and hazarded.”
The defendant, after verdict and required delay before sentence, was sentenced as follows, viz.:
“To suffer imprisonment in the parish prison for a term of six months, or to pay a fine of one thousand dollars, and to pay the costs of prosecution.”
From the sentence and judgment this defendant, Taylor Dowty, appealed, and presented several grounds by way of demurrer, and in a bill of exceptions taken to the court’s ruling.
The statute upon which the information rested enacts:
“That whoever shall keep a banking game, or banking house, at which money or anything representing money, or any article of value, shall be bet or hazarded, or shall aid in keeping one, shall be held guilty of violating the statute.”
The foregoing objection of defendant to the form of the verdict was not particularly pressed upon our attention. We therefore pass it.
Defendant avers, in substance, that he was not charged with keeping such banking house as is denounced by the statute under which the information was drawn, nor legally charged with aiding and assisting in keeping faro banking house or game; that the information avers against defendant two or more causes for complaint, when one alone would be as effectual in law; and that the information is bad for duplicity; also for repugnancy and for uncertainty.
The offense charged is divided by defendant into three parts, and each, he states, is an offense; i. e., he avers that he is charged with having kept a banking house, and *757 also with having carried on a game known as “faro,” at which money and things representing money, and commonly called “chips,” were bet and hazarded, and that, lastly, he is, in the same information, and in one count with the foregoing, charged with aiding and assisting the aforesaid banking game and banking house.
In our view, the acts charged are not inconsistent, and are not widely different. They are different means of committing an offense, which the statute lays down as one offense.
The transition from “keeping a game” to the other act of “aiding and assisting in keeping a game” is not great.
One person may keep such a game, or assist others by whom it is kept. The two acts are of the same nature, and may be classed by the Legislature, as it has done, as one offense, and, being one offense, may be charged in one count of an indictment or information.
Acts that are of the same class, grade, or kind may by the lawmaking power be merged into one offense, and so may be charged in the information or indictment when they are not inconsistent one with the other.
The question here has given rise to discussions in several decisions. Before quoting from these decisions, we will refer to the fact that the repealed act to be found in the statute of 1855 was similar to the act of 1870 on the same subject-matter — Act No. 12, p. 38, of that year; being the act under which the defendant is prosecuted.
With reference to the act of 1855, p. 145, No. 120, this court held in State v. Markham, 15 La. Ann. 498, as follows:
“The rule that the defendant must not be charged with having committed two or more offenses in any count of the indictment does not apply to cumulative offenses denounced in the same statute.”
In view of the similarity between the two acts cited above, the interpretation laid down in the said decision bears equally on the statute under which- the defendant is prosecuted; i. e., the act of 1870.
Being firmly of the opinion that the two acts charged are two means to one end— two ways of committing one offense — we pass to the third; that is, the charge that, if defendant aided and abetted in keeping a banking house and a banking game, he was not guilty of himself keeping the game; i. e., to put it in another way, if he was an accessory, he was not guilty as a princ’pal. •Further, if he was guilty as accessory, the crime was not sufficiently set out in the information.
It is evident that banking house, banking game, and their aiders and abettors, are, in law, all kept or used for the purpose of betting among persons resorting thereto. In the law’s contemplation, one is on the same plane as the other.
But even if they were not on the same plane, if they are all of the same character, and harmonize, and are complete in themselves, and denounced as one in the statute, they may be charged in one count of an information.
To illustrate: A person indicted for larceny — a common-law offense — may be found guilty of a lesser offense of the same generic class denounced by statute.
Why, then, should not a person charged with keeping a banking house or a banking game, or with being an aider and abettor, for the same reason, if he has committed any of these acts, be found guilty of the latter, or the former, or of all of them, as to that matter?
The allegation of the indictment is not bad for uncertainty, as contended by defendant, though the .defendant was found guilty of the last offense — that of aiding and abetting —for the word “aforesaid,” used in the statute, brings forward and merges into the last charge all that is needful of the first two acts to complete the charge of aiding and abetting. The conclusion is inevitable. The *759 pleader sought to have them answer for having, as averred, committed the latter act, viz., kept a banking house or banking game, denounced in the information as an unlawful act; thereby rendering the information direct and positive.
We come to the point of the defense,, to wit, the objection to the proof admitted in evidence of other independent offenses of the same nature.
Evidence of a prior act, in a criminal prosecution, is admissible to prove 'knowledge and intent. That was the purpose in admitting the evidence which has given rise to the objection urged. For that purpose this • ■evidence was relevant. •
The prior offense was similar, and may be ■said to have been connected with the one before us for decision. It was part of a cumulative and continuing offense. It formed part of the same act as the one included in and denounced by the information. It went to prove the nature of the act with which defendant was charged. It was not introduced for the purpose of, nor did it have the effect of, proving another offense — as we read the record' — for which the defendant ¡should be held.
This court held, in substance, in State v. Thomas, 30 La. Ann. 600, that “no evidence was admissible, unless in proof of the offense charged, but that there are exceptions,” within which we think the present case falls.
Another ground urged is that the indictment must fully state the offense, and, if the •statutory words do not suffice, it must be ■expanded beyond them. This ground is fully met by the fact that the information follows the words oi the statute, and the defendant was notified of the offense. It was in itself ■complete and full, and there was no necessity to expand the information beyond the words of the statute.
“An information or indictment must state in plain and concise language every element of the •crime.”
This was done by the pleader, who. tracked the statute closely. We have not found that any element of the offense was left out, that the information was not explicit, and that something was left to inference or intendment.
Under the circumstances, repeated decisions of this court hold that this is all which the defendant, placed on his trial, can ask or expect.
This court said in 45 La. Ann. 661, 12 South. 832, in the case of State v. Porter:
“There are cases, under an exception, settled in jurisprudence, in which evidence is admissible of another offense than that charged, to prove the intent of the defendant.”
A defendant could not be expected, in answering to one indictment, to account for all acts, even of the same nature, of a date quite remote. This objection was met by the trial judge by limiting all proof upon the subject to a time not exceeding two weeks prior to the date of the act charged in the information.
Another objection of the defendant is that evidence was not admissible to prove the keeping of a game of faro, or the aiding or assisting in keeping the same, nor admissible to prove the aiding and assisting in keeping a banking house. It remains, the game of faro is a banking game. “The dealing of faro one time or more is a banking game, in violation of the statute, and every time it is done a new offense is committed.” State v. Markham, 15 La. Ann. 499. The next objection of defendant is that the prosecution, was permitted by the court to prove prior acts of gambling, not denounced in the indictment.
Defendant admits (to copy from the bill of exceptions) “that there may be proof that he aided and assisted in conducting the game of faro.” There was evidence before the court that defendant had been carrying on a banking game, and that this had been shown at the time the judge of the lower court allowed testimony to go to the jury of prior similar acts. We interpret the testimony on *761 the trial as showing', in the first place, that testimony relating' to the charge was heard, and that afterwards, as incidental to this charge, testimony of prior acts of gambling was heard.
Defendant’s complaint here is not well grounded on facts.
Lastly, it is true, as said by plaintiff’s counsel, the points reserved in the ease are not entirely similar to those decided in another case, cited supra, under the same information. None the less, the new points taken during the trial of the ease here, and urged here by learned counsel, are not sufficiently sustained by law and facts to enable us to arrive at a different conclusion than that arrived at in State v. Behan (Hannan Case, 15,391 of the docket of this court) 37 South. 607, ante, p. 701.
For reasons assigned, the verdict and sentence appealed from are affirmed.