MONROE, J.
The indictment in this case ■charges that the defendant “did * * * unlawfully keep a banking game, commonly called craps, * * * at a place called the ■“Belle of the Bends.’ ”
[1] 1. Defendant excepted to the jurisdiction of the court on the ground that the “Belle of the Bends” is a steamboat duly licensed for the coasting trade and for the ■navigation of the Mississippi river, and at the time of the alleged offense was engaged in the excursion busirfess on said river, with ■defendant on board as business manager; that said business consists in the carrying of passengers for hire on the waters of said river, and furnishing them with food, drink, :and amusement, whilst being carried, and is within the admiralty and maritime jurisdiction of the United States; and that articles 132 and 139 of the Constitution of the ■state of Louisiana, section 987 of the Revised Statutes, and Acts No. 216 of 1902, and No. 176 of 1908, under which this prosecution is conducted, are null and void, because in conflict with article 3, § 2, of the Constitution of the United States, and sections 563 and 5251 of the Revised Statutes of the United States (U. S. Comp. St. 1901, pp. 455, 3522), as, also, with the act of Congress of 1812 (Act April 8, 1812, c. 50, 2 Stat. 701), providing for the admission of Louisiana into the Union.
Having been convicted, defendant set up the same plea in motions for new trial and in arrest of judgment. We find, however, no bill of exception, statement of fact, or other source of information, corroborative of defendant’s averments to the effect that the “Belle of the Bends” is a steamboat, and that the offense charged, if committed at all, was committed on said boat whilst it was engaged in the excursion business on the Mississippi river, whether within or without the boundaries of the parish of Orleans, and, for aught that appears, save in defendant’s pleadings, the “Belle of the Bends” may be a gambling house in the heart of the city of New Orleans. And, as in the absence of any showing to the contrary, we are bound to presume the existence of the facts necessary to the jurisdiction exercised by the trial court, there is no basis upon which the legal proposition presented by defendant can be considered.
2. In his motion for new trial, defendant alleges that the indictment charges him, under R. S. § 911, with operating a banking game; “that the evidence shows that, if any offense was committed, it was that of operating a dice game, known as craps, which offense is defined in section 1 of Act No. 122 of 1896, and is not punishable under section 911, R. S. of Louisiana,” etc.
As already stated, the record conveys no information, save that contained in defendant’s pleadings, as to the evidence on which he was convicted and sentenced. We find an excerpt from the minutes of the court which recites that defendant filed a motion for a new trial, which, being overruled, he “reserved a bill of exception”; that he filed a motion in arrest of judgment, which, being *373 overruled, lie “reserved a bill of exception,” and then as follows:
“The court, thereupon, in consideration of the judgment herein recorded and the law, sentenced him, the said William Rabb, for his such (said) crime of keeping a banking game, to pay a fine of $1,000, and, in default of the payment of said fine, to suffer imprisonment in the parish prison for a period of six months,” >etc.
Section 911 of the Revised Statutes reads:
“Whoever shall keep a banking game or hanking house, at' which, money or anything representing money or any article of value shall be bet or hazarded, or shall aid or assist in keeping one, shall, on conviction for the first offense, be fined not less than $1,000 nor more than $5,000 and, on conviction of a second offense, not less than $5,000 nor more than $10,-000 and be imprisoned, at hard labor, for not less than one nor more than five years.”
The section quoted, it will be observed, provides no penalty of imprisonment for the ■first offense, but R. S. § 980, reads:
“Every person, being adjudged to pay a fine, «hall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year.”
The Act No. 122 of 1896 has no bearing up■on the question at issue and was no doubt cited by inadvertence; Act No. 181 of 1898 (to which the counsel for defendant refers in his brief), as amended and re-enacted by Act No. 70 of 1908, reads as follows:
“Act No. 70.
“An act to amend and re-enact Act No. 181 of 1898, and the title thereof, so as to read as follows: To prohibit the gambling game of craps; to make it a misdemeanor and to provide the punishment therefor; to prohibit the gambling with dice for money or any representative of money; to make the -same a misdemeanor and to provide the punishment therefor; to prohibit the owner, lessee, or any occupant of any building from permitting any dice game for money ■or any representative of money from' being played in such building or about same or on the premises connected therewith; and to repeal all laws in conflict therewith.
“Section 1. * * * That whoever shall engage in the gambling game of craps, or in gambling with dice, for money or any representative of money or any other consideration whatever, shall be guilty of a misdemeanor, and shall, upon conviction thereof, be fined in the sum of not less than one dollar nor more than twenty-five dollars, or imprisoned for not less than ten days nor more than thirty days, or both, at the discretion of the court.
“Sec. 2. * * * That any owner, lessee, or any occupant of any building who shall permit, in or about the same or on the premises connected therewith, the gambling game of craps, or the playing with dice for money or any representative of money or any other consideration whatever, shall be guilty of a misdemean- or, and, upon conviction, shall be fined not less than twenty-five dollars nor more than one hundred dollars, or imprisoned not less than ten days nor more than thirty days, or both, at the discretion of the court.
“Sec. 3. * * * That all laws or parts of laws in conflict with the provisions of this act be and the same are hereby repealed.”
It will thus be seen that R. S. § 911, deals with the keepers of banking games and banking bouses; that section 1 of the act of 1908 deals with persons who “engage in the gambling game of craps or in gambling with dice,” etc.; and that section 2 of that act deals with the owners, lessees, and occupants of buildings who permit “the gambling game of craps or the playing with dice, for money,” etc., in or about such buildings, etc.
R. S. § 911, therefore alone fixes the penalty for keeping a banking house or banking game, an offense with which the act of 1908 does not profess to deal, since the difference between the person who keeps such a house or game and the person who plays craps, or other gambling game, with dice, or permits such games to be played on premises owned or occupied by him, is obvious.
[2] Where the players bet against each other and settle with each other, the game is not a banking game, but where a person posing as the proprietor or responsible party stands ready, by himself or through another, to take all bets, and, receiving all that is lost by the other players, pays all that is won by them, or all that is won save a percentage which he retains, the game is a banking game; and whether the conditions first mentioned or those last mentioned exist in a particular case is a question of fact. City *375 of New Orleans v. Miller, 7 La. Ann. 651; State v. Lenares, 12 La. Ann. 226; State v. Markham, 15 La. Ann. 498; State v. Hunter, 106 La. 187, 30 South. 261; Shaw v. State, 35 Tex. Or. R. 394, 33 S. W. 1078; State v. Martin, 22 Ark. 420, 422; Cyc. vol. 20, p. 882; Enc. Brit. vol. 10, verbo “Games.” The game of craps may therefore he “banked” or it may not, and whether it was or was not “banked” in this instance was a question of fact which has been determined by the trial court, and which this court has no power to review.-
The judgment appealed from is therefore affirmed.