(103 So. 740)

No. 26968.

## STATE v. KILSHAW.

(March 2, 1925. Rehearing Denied March 30, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬅158(1)—Finding of fact on question of defendant's guilt cannot be inquired into in Supreme Court.**

In prosecution of a person charged with a crime or misdemeanor, if any evidence tending to establish guilt is offered, finding of fact thereon in court below cannot be inquired into in Supreme Court, in view of Const. 1921, art. 7, § 10, limiting jurisdiction of Supreme Court to review of questions of law.

**2. Indictment and information ⬅110(16)—Information for operating gambling game held sufficient where charging offense in exact language of statute.**

Information in prosecution for operating gambling game, in violation of Act No. 12 of 1870, § 2, *held* sufficient where charging offense in exact language of statute.

**3. Indictment and information ⬅110(3)—Information sufficient if charging offense in exact language of statute.**

An information is sufficient if charging offense in exact language of statute.

**4. Indictment and information ⬅86(2)—Information held to describe sufficiently place where crime was committed.**

Information in prosecution for operating gambling game, in violation of Act No. 12 of 1870, § 2, charging that crime was committed in "parish of St. Bernard and within jurisdiction of Twenty-Ninth judicial district court," *held* to describe sufficiently place where crime was committed, in view of Rev. St. §§ 1062, 1063.

**5. Indictment and information ⬅121(1)—Defendant desiring more explicit information in information should ask for bill of particulars.**

Defendant desiring more explicit information in an information should ask for a bill of particulars.

**6. Statutes ⬅118(6)—Title to act held not violative of Constitution requiring every law to express its object in title.**

Title to Act No. 12 of 1870, which is "to repeal thirtieth paragraph of section 3 of an act entitled 'An act to provide a revenue for the support of state government of Louisiana, * * *' to define and prohibit gaming and to provide penalty therefor," *held* not violative of Const. 1868, art. 114, requiring every law to express its object in title.

**7. Criminal law ⬅13—Statute held to define offense of keeping a banking game.**

Act No. 12 of 1870, providing that "whoever shall keep a banking game or banking house, at which money or anything representing money * * * shall be bet or hazarded," etc., *held* to define sufficiently a banking game or banking house.

**8. Statutes ⬅109—Act not necessarily unconstitutional because title is broader than its provisions.**

An act is not necessarily unconstitutional because its title is broader than its provisions, it being the converse of proposition which opens the door for attack.

**9. Jury ⬅22(1)—Defendant triable by judge without a jury where first offense punishable by fine.**

Under Act No. 12 of 1870, providing a fine for first offense of keeping a banking game, defendant not charged in information as a second offender was triable by judge, without a jury, in view of Const. 1921, art. 7, § 41, though punishment for second offense was by both fine and imprisonment.

**10. Constitutional law ⬅42—Inconsistency in statute because of penalty prescribed for second offense held no ground for complaint.**

In prosecution for operating a gambling game, inconsistency between section 2 and section 6 of Act No. 12 of 1870, because penalty prescribed in section 2 for second offense, *held* no ground for complaint, where defendant was tried and convicted before proper forum for a first offense.

Appeal from Twenty-Ninth Judicial District Court, Parish of St. Bernard; L. H. Perez, Judge.

George Kilshaw was convicted for operating a gambling game, and he appeals. Affirmed.

Fred A. Middleton, Fred Ahrens, and Thomas Craven, all of New Orleans, for appellant.

Percy Saint, Atty. Gen., Philip R. Livaudais, Dist. Atty., of New Orleans, and Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

BRUNOT, J. The defendant was prosecuted, convicted, and sentenced for operating a gambling game in violation of section 2 of Act No. 12 of 1870. From the judgment and sentence he has appealed.

There are two bills of exception in the record, and defendant has filed an assignment of errors in this court.

The recitals in bill No. 1 and in the assignment of error are identical and, with one exception, the recitals in bill No. 2 are substantially so.

Bill No. 1 was reserved to the overruling of a demurrer to the information, and bill No. 2 was reserved to the overruling of a motion for a new trial.

[1] In bill No. 2 it is alleged that the evidence offered by the state, on the trial of the case, is insufficient to support the verdict and judgment rendered. There is no evidence attached to the bill and there is no per curiam by the judge. Moreover, this court has repeatedly held that in the prosecution of a person charged with a crime or misdemeanor, if any evidence tending to establish guilt is offered, the finding of fact thereon, in the court below, cannot be inquired into here, because in criminal cases the jurisdiction of this court is limited to the review of questions of law alone. Section 10, art. 7, Constitution of 1921.

With the exception noted, the grounds urged in both bills and in the assignment of errors are substantially the same, and therefore the disposal of bill No. 1 will be decisive of all the issues presented.

[2, 3] The demurrer is based upon two grounds, viz.: That the information is vague, indefinite, and uncertain, and that Act No. 12 of 1870 is unconstitutional. It is urged that the information is vague and uncertain because it does not sufficiently describe the crime charged, and does not fix the particular place in the parish where the alleged crime was committed.

Section 2 of Act 12 of 1870 denounces the crime charged in the information in the following words:

"Be it further enacted," etc., "that whoever shall keep a banking game, or banking house, at which money, or anything representing money, or any article of value shall be bet or hazarded * * * shall on conviction," etc.

The information filed in this case charges the offense in the exact language of the statute, and this is all that the law requires. City of New Orleans v. Miller, 7 La. Ann. 651; State v. Markham, 15 La. Ann. 498; State v. Hunter, 106 La. 187, 30 So. 261; State v. Behan, 113 La. 701, 37 So. 607; State v. Capell, 154 La. 662, 98 So. 58.

[4] The information charges that the crime was committed in the parish of St. Bernard and within the jurisdiction of the Twenty-Ninth judicial district court. This is a full compliance with the law, and it is not necessary to designate in the information the particular locality or house, in the parish, in which the crime was committed. Revised Statutes, §§ 1062 and 1063; State v. Gomer, 6 La. Ann. 311; State v. Ackerman, 51 La. Ann. 1213, 26 So. 80; State v. Burkhalter, 118 La. 657, 43 So. 268.

[5] If defendant had desired more explicit information, he should have asked for a bill of particulars.

[6] It is alleged in the demurrer that the title of Act No. 12 of 1870 does not express the object or objects of the act, and it therefore violates article 114 of the Constitution of 1868; that the act does not define the crime of keeping a banking game; and that, by reason of the penal clause in the act, the crime is triable by a jury.

The title of Act No. 12 of 1870 is as follows:

"To repeal the thirtieth paragraph of section 3 of an act entitled, 'An act to provide a revenue for the support of the state government of Louisiana, and the manner of collecting the same,' approved March ——, 1869, to define and prohibit gaming, and to provide penalties therefor."

Section 911 of the Revised Statutes prohibited banking games. The thirtieth paragraph of section 3 of Act No. 114 of 1869 repealed, by implication, section 911 of the Revised Statutes, and Act No. 12 of 1870 repeals the thirtieth paragraph of section 3 of Act 114 of 1869 and, except in trifling details, re-enacts section 911 of the Revised Statutes. The object of Act No. 12 of 1870 is to repeal the thirtieth paragraph of Act 114 of 1869, to define and prohibit gaming, and to provide penalties therefor. This object is clearly expressed in the title, and article 114 of the Constitution of 1868 merely requires that—

"Every law shall express its object or objects in its title."

[7] It is contended that the statute fails to define the offense of keeping a banking game. The words of the statute are:

"Whoever shall keep a banking game or banking house at which money or anything representing money * * * shall be bet or hazarded, shall be convicted," etc.

This court has held that the statute sufficiently defines a banking game or banking house. State v. Hunter, 106 La. 187, 30 So. 261; State v. Rabb, 130 La. 370, 57 So. 1008.

[8, 9] It is contended that the act is unconstitutional because there is no reference in its title to a "banking game." We fail to grasp the force of this reasoning. The object of the act is to "define and prohibit gaming," and the act defines and prohibits certain sorts of gaming. An act is not necessarily repugnant to the Constitution because its title is broader than its provisions. It is the converse of the proposition which opens the door for attack. The third contention of defendant is that sections 2 and 6 of the act are inconsistent. Section 2 contains the penal clause, which is as follows:

"Whoever shall keep a banking game * * * shall, on conviction for the first offense, be fined not less than one thousand, nor more than five thousand dollars, and on conviction of a second offense, not less than five thousand, nor more than ten thousand dollars, and be imprisoned at hard labor not less than one nor more than five years."

Under the provisions of the act, the penalty for first offenders thereof is merely a fine. When the penalty is a fine the case is triable by the judge alone. Constitution of 1921, art. 7, § 41.

As the defendant was not charged in the information as a second offender, the case was properly tried by the judge without a jury.

[10] Finding that the object of the act is expressed in its title, that the act defines the offense of keeping a banking game, and that defendant was tried before the proper forum, he cannot complain of the alleged inconsistency between sections 2 and 6 of the act, growing out of the penalty prescribed therein for second offenders and the forum, designated therein, before which second offenders shall be tried.

For these reasons we are of the opinion that there is no merit in either of the bills of exception reserved by defendant, or in the assignment of errors filed in this court, and, finding no error in the record, the judgment and sentence appealed from are affirmed.