*810
 
 LAND, J.
 

 The above cases have beep consolidated for review and decision.
 

 . In No. 29830 the charge is that defendant
 
 “on the nth day of the month of April,
 
 in the year of our Lord, 19-28, in the Parish, District and State aforesaid, did keep a banking house at which chips representing money were bet and hazarded, contrary to the form of the statutes of the State of Louisiana,” etc.
 

 In No. 29831 the charge is that defendant
 
 “on the nth day of the month of March,
 
 in the year of our Lord, 1928, in the Parish, District and State aforesaid, did keep a banking game or banking house at which chips representing money were bet and hazarded, contrary to the form of the statutes of the State of Louisiana,” etc.
 

 In each of these eases defendant was convicted and sentenced to pay a fine of $1,000 and costs, and, in default of payment, to be confined in the parish jail for a period of twelve months.
 

 1. The record discloses that eight bills of exception were taken and signed on the trial. All of them have been abandoned in the brief by counsel for defendant except bills Nos. 1 and 2.
 

 Bill No. 1.
 

 Defendant filed a supplemental motion for a new trial on the ground that Noel E. Mason, the chief prosecuting witness, had testified falsely during the trial. Mason had sworn that he had played poker with defendant Earl Phillips in defendant’s gaming 'house, and had denied on cross-examination that he had shot dice for money with Laymon Holloway on the night of December 17, 1928, at another place. The newly discovered evidence annexed to the amended motion for a new trial consisted of affidavits made by Earl Phillips and Roy Hightower to the effect that since the trial Mason had admitted to them that his testimony was false as to his participation in the game of poker with defendant and Phillips at defendant’s place of business; and also of an affidavit made by John M. Covey that he had witnessed Mason throwing dice with Holloway for money on the night of December 17, 1928.
 

 Two of the affiants had testified as state witnesses. In referring to the testimony of the state witnesses at the trial, the judge a quo said: “Nearly all of -the witnesses testifying for the State were friends and patrons of the defendant’s gambling house, and they did not want to testify against him. Hence, it was the greatest difficulty that any testimony hurtful to defendant was obtained from them; and, then, only by the corkscrew method.”
 

 Clearly, the trial judge was not favorably impressed by the affidavits of the newly discovered witnesses, nor do we believe that the result would be changed if a new trial should be granted.
 

 In the per curiam to this bill, it is stated that the defendant had had a fair trial; that the judgment was fully sustained by the law and the evidence; and that no good reason had been given for another trial.
 

 Bill No. 2.
 

 2. The grounds of the motion in arrest of judgment are that the indictment “sets forth no offense known to the laws of Louisiana in that gambling with chips is not a ‘banking game,’ and that the court had no jurisdiction, as the case was one for the jury to try.”
 

 The indictment is drawn under Act No. 12 of 1870, § 2, which provides: “That whoever shall keep a banking game, or banking house, at which money,
 
 or anything representing money,
 
 of any article of value shall be bet or hazarded * * * shall, on con
 
 *812
 
 viction for
 
 the first offense,
 
 be fined not less tlian one thousand, nor more than five thousand dollars, and on conviction of
 
 a second offense
 
 not less than five thousand, nor more than ten thousand dollars, and be imprisoned
 
 at hard labor
 
 not less than one nor more than five years.”
 

 Defendant is not charged merely with keeping premises where the game of “gambling with chips” was permitted. He is indicted for a much graver offense, i. e., keejjH ing “a
 
 banking
 
 house or
 
 banking
 
 game”
 
 at which chips representing money
 
 were bet and hazarded. The statute expressly prohibits the keeping of “a banking house or banking game,” at which money, or
 
 “anything representing
 
 money,”, is bet or hazarded, and, if “chips” bet or hazarded at such a place or game represent money, a matter of proof on the trial, then there is no sound reason why the indictments in these cases fail to charge a violation of the statute.
 

 We have repeatedly held that Act No. 12 of 1870 sufficiently defines the offense of keeping “a banking house or banking game.” State v. Hunter et al., 106 La. 187, 30 So. 261, and authorities there cited.
 

 Whether “gambling with chips” constitutes “a banking game” is not a matter that can be settled under a motion in arrest of judgment, as the solution of this question depends upon the evidence adduced at the trial, and under our appellate jurisdiction we cannot review the facts of the cas'e affecting the guilt or innocence of the accused. State v. Rabb, 130 La. 370, 57 So. 1008.
 

 The offense is statutory, and is sufficiently set forth in the language of the statute.-
 

 Defendant is not charged in either indictment with
 
 a second offense.
 
 He must be so
 
 expressly
 
 charged before a sentence for a second offense can be legally imposed. If a defendant is convicted on a mere prosecution for a second similar offense, without averment in the subsequent indictment that the offense therein charged
 
 is a second offense,
 
 his sentence as for a second offense will be set aside on appeal, and the case remanded to have sentence imposed as for
 
 a first offense.
 
 State v. Compagno, 125 La. 669, 51 So. 681 (overruling State v. Hudson, 32 La. Ann. 1052); State v. Nejin, 140 La. 793, 74 So. 103; State v. Gani, 157 La. 235, 102 So. 319; State v. Habighorst et al., 163 La. 552, 112 La. 414.
 

 As defendant has not been charged
 
 expressly
 
 with a second offense, and has not been convicted of, and sentenced for, such second offense, as
 
 expressly
 
 charged, he has not been technically found guilty of
 
 a second offense and felony
 
 under Act No. 12 of 1870, prohibiting the keeping of “a banking house or banking game.” His complaint, therefore, that the trial court was without jurisdiction to try both indictments as for first offenses, is without merit, since both charges,' under the circumstances of the cases,
 
 are misdemeanors,
 
 and the sentence of defendant in the first case has not been increased in the second case, because of the offense therein charged, or because of the conviction of the defendant thereunder. Const. 1921, art. 7, § 41.
 

 Defendant therefore has no just ground of complaint as to his conviction in either case on any ground set up in his motions in arrest of judgment filed in these cases. These motions, in our opinion, were properly overruled.
 

 3. Defendant has filed in this court pleas of prescription of six months and also assignments of errors reiterating the same pleas, by pointing out the fact that one of the indictments in this case is prescribed up
 
 *814
 
 on its face. We do not find it necessary in these cases to pass upon the formal pleas of prescription tendered hy defendant.
 

 The state admits that the offenses with which defendant is charged are barred or perempted by the prescription of six months under R. S. 1870, § 986, and Act No. 67 of 1926, but questions the right of defendant to avail himself of such defenses in this court, either by special plea of prescription or assignment of errors. ,
 

 It is well settled that errors patent upon the face of the record are assignable in criminal cases by defendants through formal assignments of errors timely presented to this court. State v. Johnson, 51 La. Ann. 1647, 26 So. 437, and authorities there cited.
 

 Errors patent upon the face of the record have been noticed by this court on appeal, without any formal assignment of errors, in cases where conviction was had under a repealed statute, and where the indictment upon its face had been prescribed. State v. Henderson, 13 La. Ann. 489; State v. O’Conner, 13 La. Ann. 486; State v. Forrest, 23 La. Ann. 433.
 

 In State v. Pierre, 49 La. Ann. 1159, 22 So. 373, it was expressly held that, under an assignment of errors, this court would consider the question whether an indictment was prescribed upon its face. This is sound law, in our opinion, and is based manifestly upon considerations of public policy, as no citizen should be deprived of his liberty for an offense that no longer exists^ because barred or perempted by a statute of limitations.
 

 Besides, we have no discretion in such matters, as the statute pleaded in these cases by defendant provides: “Nor shall any person
 
 he prosecuted
 
 for any fine or forfeiture, under any law of this state, unless
 
 the prosecution
 
 for the same shall be instituted within six months from the time
 
 of
 
 incurring such a fine or forfeiture. Nothing herein contained shall extend to any person absconding or fleeing from justice.” R. S. 1870, § 986, amended and re-enacted by Act No. 67 of 1926.
 

 It is apparent that the indictment in No. 29831, charging the offense as committed on March 17, 1928, is prescribed on its face, as the indictment was not filed in the lower court until September 20, 1928, after more than six months had elapsed between the date of the offense charged and the return of the indictment into open court, and the indictment fails to negative prescription. This indictment, therefore, is a scrap of paper, and charges no offense for which defendant can be prosecuted. '
 

 Such is not the case, however, as to the indictment in No. 29830. This offense is charged to have, been committed on the 14th day of April, 1928. As the indictment was filed September 20, 1928, the prosecution was instituted within six months after the date of the offense charged, and was timely. The first offense, according to the testimony of W. M. Mason, the chief prosecuting witness, was “on or about the 17th of March.” After the witness had referred to a fight in which defendant had knocked down a party in his gambling house, he was asked by the prosecuting officer the question:
 

 “Mr. Mason, when were you there again?”
 

 “A. About two weeks
 
 from that,
 
 Mr. Hammons, would be possibly something like
 
 the middle of April,
 
 first two weeks from
 
 that time
 
 was the last time I was in the house.”
 

 It is clear that the indictment in No. 29S30 is valid, and that the plea of prescription of six months is not applicable to that case.
 

 It is therefore ordered that the conviction and sentence in State v. Jack Carter, No. 29830 on the docket of this court, be affirmed.
 

 , It is further ordered that the conviction
 
 *816
 
 and sentence in State v. Jack Carter, No. 29831 on the docket of this court, be annulled and reversed.
 

 O’NIELL, C. J., absent, takes no part