HIGGINS, Justice.
 

 The accused was indicted for the offense of “unlawfully keeping a banking house and banking game at a place or house called ‘The 71 Club’, located on the U. S. Highway No. 71, between Campti and Clarence, Louisiana, Natchitoches Parish, and did then and there feloniously and unlawfully keep a banking game, to-wit: a game commonly called dice or ‘craps’, at which money was bet and hazarded, and the said A. R. Conley, did then and there feloniously and unlawfully aid and assist in keeping the aforesaid banking game and banking
 
 *6
 
 house contrary to the form of the Statute of the State of Louisiana, * '* He filed a motion to quash the indictment on the ground that it did not set forth any crime denounced by a constitutional statute of the State, and specially pleaded the unconstitutionality of Section 2 of Act No. 12 of 1870, Rev.Stat. § 911, on the ground that the title of the statute, under which he was indicted, was defective. Apparently, in view of the holding of this Court in State v. Kilshaw, 158 La. 203, 103 So. 740 and State v. Hudson, 162 La. 543, 110 So. 749, the defendant has abandoned this part of his defense. .
 

 Bills of exception Nos. 1, 2, 3 and 4 were reserved to the ruling of the trial court in permitting the State to prove that the accused had been running a dice game where chips were used and bet. The objection to this testimony was based on the ground that the accused was only charged with keeping a banking or dice game where money was bet and hazarded and not where chips were bet. The trial judge, in his per curiam, pointed out that the evidence showed that the chips were used as a convenience in playing the game and actually represented money. In other words, the chips were purchased from the dealer of the game, with cash, and if the player was successful, they were redeemed with money.
 

 It is our opinion that the trial judge was correct in permitting this testimony to go into the record and that the charge in the indictment was adequate to cover it.
 

 For the reasons assigned, the conviction and the sentence of the court are affirmed.