JOHN A. PATIN, Judge Pro Tem.
Defendant, Michael Labom, was charged by a single bill of information with two counts of telephone harassment. The defendant originally pled not guilty to both charges. By motion defense counsel raised the question of defendant’s mental capacity to proceed and the court appointed a sanity commission consisting of two doctors to examine and report on the mental condition of the defendant. After a hearing in which the trial court found the defendant capable of proceeding and after a denial of the defendant’s motion to suppress tape recorded conversations, the defendant entered a plea of nolo contendere to both charges. He was sentenced to serve two years on each count to run consecutively. This appeal followed.
Appellant lists five assignments of error:
1. It was manifest error of law for the court to deny defendant’s motion to suppress evidence and/or inculpatory statements.
2. It was manifest error of law for the court to force defendant to trial after the sanity commission declared that because of his brain damage he could not offer much help to his attorney with respect to defending the charges against him.
3. It was manifest error of law for the court to deny defendant’s request to be given credit for the time he spent in jail pending his sentence on July 9, 1991.
4. It was manifest error of law for the court to deny defendant to make bail pending his appeal of his conviction and sentence.
5. Errors patent on the face of the record.
The basic factual situation arose when Mrs. Brenda Dowden reported to the Natchitoches City Police that she was receiving obscene and harassing phone calls at the Klassy Kids Store, her place of business. Mrs. Dowden stated that she wanted a recorder put on her phone so that she could tape the telephone calls. On October 9, 1990, the city police installed a telephone jack on the outside of the phone and hooked it into a cassette recorder and recordings were made of the harassing phone calls.
ASSIGNMENT OF ERROR NO. 1:
In this assignment of error the defendant claims that the trial court erroneously denied his motion to suppress physical evidence and/or inculpatory statements. The defendant argues that the tape recording of the conversations was obtained without a court order authorizing the interception of the conversation.
Although Louisiana law generally prohibits the interception of wire or oral communications an exception is made where the interceptor is a party to the communication. State v. West, 553 So.2d 945 (La.App. 4th Cir.1989), writ denied, 558 So.2d 567 (La.1990) appeal after remand, 578 So.2d 1016 (La.App. 4th Cir.1991). La.R.S. 15:1303 C(3) provides:
(3) It shall not be unlawful under this Chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties *37 to the communication has given prior consent to such interception. Such a person acting under color of law is authorized to possess equipment used under such circumstances.
In State v. West, supra, the court relied on this provision to hold that recordings made by the victim with her son’s tape recorder were admissible. In the instant case the victim requested that the police install a tape recorder on her phone line. The statute specifically authorizes law enforcement personnel to intercept telephone conversations where a party to the conversation consents, and the police were not required to obtain a court order. It was at the victim’s request that the conversation was intercepted. Accordingly, the tapes were not illegally obtained and they are admissible. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2:
The defendant contends the trial court erred in forcing him to trial after the sanity commission found that he had brain damage and stated that he was unable to assist in his own defense. Defense counsel filed an application for appointment of a sanity commission alleging the following:
There is good reason to believe that the defendant did not then and does not presently have the mental capacity to distinguish right from wrong and to understand the proceedings against him so to assist in his defense and that defendant’s mental incapacity to distinguish right from wrong and to proceed because of, or as result of, mental disease or defect.
Although the motion raised the issue of capacity to proceed with trial as well as capacity at the time of commission of the crime, this assignment raises only the issue of the defendant’s capacity to assist in his defense. Accordingly, this review will be limited to whether the trial court erred in determining that the defendant was capable of understanding the proceedings against him. The only evidence introduced at the hearing consisted of the reports of Drs. Charles E. Cook and A.F. Breazeale. After reviewing the evidence the trial court stated:
THE COURT: Okay. The report of Dr. Cook says, in effect, that the examination reveal(s) a history of drug and drinking habits by the defendant. He concludes and says, “In summary, I feel that the man did have period(s) of drug and alcohol induced amnesia and that he probably cannot offer much help to his attorney with respect to defending the charges against him.” Well, the man does not have to have an alcohol or drug problem to not be much help to his lawyer. On the report of Dr. Breazeale, this states, “... indicates no lack of mental capacity to determine the wrongful nature of his actions.” It goes on and says, “In conclusion, it would appear that this client was aware of making indecent phone calls over a period of time. These were repeated acts.” The court rules that the defendant is capable of understanding the difference between right and wrong at the time of the incidents in question and also is capable of assisting his counsel in the defense of this ease. The court finds the defendant to be sane and in full possession of his mental and physical faculties.
Defense counsel argues in his brief that Dr. Cook’s report is clear and understandable and that Dr. Breazeale’s report is inconclusive. On the issue of whether the defendant is capable of understanding the proceedings against him and able to assist counsel in his defense, the trial court was presented with two conflicting reports.
Since Louisiana law presumes a person is sane and responsible, the defendant has the burden of establishing incapacity. La.R.S. 15:432. The defense must prove by a clear preponderance of the evidence the defendant is incompetent to stand trial as a result of a mental disease or defect. La.C.Cr.P. art. 641; State v. Machon, 410 So.2d 1065 (La.1982). While a court is permitted to receive the aid of expert medical testimony on the issue, the ultimate decision of competency is the court’s alone. La.C.Cr.P. art. 647; State v. Rogers, 419 So.2d 840 (La.1982). A trial court’s determination of the mental capaci *38 ty of a defendant is entitled to great weight, and his ruling will not be disturbed in the absence of manifest error. State v. Morris, 340 So.2d 195 (La.1976).
In the instant case, the defendant did not prove by a preponderance of the evidence that he was incompetent to stand trial. Dr. Cook noted in his report:
It is my opinion that Michael LaBom has some brain damage from drug and alcohol abuse and that he honestly does not remember being involved in any actions which resulted in his incarceration. Specifically, he doesn’t remember or have any knowledge of making phone calls to harass this lady.
This alone is not enough to indicate that the defendant is incompetent to stand trial. La.C.Cr.P. art. 645 provides in part:
The fact that the defendant claims to be unable to remember the time period surrounding the alleged offense shall not, by itself, bar a finding of competency if the defendant otherwise understands the charges against him and can assist in his defense.
Unless the court determines by clear and convincing evidence that the defendant does not have the mental capacity to proceed, the defendant shall proceed to trial. The trial court’s determination that the defendant was sane and able to proceed with trial was not erroneous. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3:
Defendant claims the trial court erred in denying his request to be given credit for the time he spent in jail pending his sentence on July 9, 1991. The defendant states that he was arrested on October 3, 1990, and therefore, should be given credit of 252 days.
During the sentencing hearing the trial judge noted that the defendant was imprisoned due to a parole violation as follows:
THE COURT: [f]or the record, you were placed back in prison by the Department of Public Safety and Corrections and because you had violated your parole in October of 1990. Is that correct?
DEFENDANT: Yes sir.
THE COURT: And you have been in the local jail since last Wednesday, July 3, 1991. Is that correct?
DEFENDANT: Yes sir.
THE COURT: The court gives you credit for time served from July 3rd until today, July 9, 1991. The other time that you served was a violation of your parole and this court considers you serving your parole time not being eligible for any further credit, other than what I just said.
La.C.Cr.P. art. 880 provides:
The court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.
However, in the instant case this defendant was serving time for a parole violation which is a separate offense from the one at issue. See State v. Jackson, 582 So.2d 915 (La.App.2d Cir.1991).
ASSIGNMENT OF ERROR NO. 4:
Defendant claims the trial court erred in denying bail pending his appeal.
La.C.Cr.P. art. 314 provides, in pertinent part, as follows:
After sentence and until final judgment, bail shall be allowed if a sentence of five years or less is actually imposed. Bail may be allowed after sentence and until final judgment if the sentence actually imposed exceeds imprisonment for five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community.
The issue of whether or not the trial court has improperly refused bail is neither properly nor timely raised on appeal. The correct procedure is to invoke the supervisory jurisdiction of the appellate court through La.C.Cr.P. art. 322. State v. Simmons, 414 So.2d 705 (La.1985); State v. Young, 532 So.2d 301 (La.App. 3d Cir. 1988), writ denied, 538 So.2d 588 & 589 (1989) appeal after remand, 556 So.2d 1321 *39 (La.App. 3d Cir.1990). La.C.Cr.P. art. 322 provides:
A person held may invoke the supervisory jurisdiction of the court of appeal on a claim that the trial court has improperly refused bail or a reduction of bail in a bailable case.
There is no indication in the record that the defendant requested to be released on post-conviction bail during or after sentencing. There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 5:
We will next consider the fifth assignment of error to determine whether an error patent appears in the record.
The bill of information charges the defendant with two counts of telephone harassment in violation of La.R.S. 14:285A. The bill reads as follows:

Count 1: October 9, 1990

commit telephone harassment by making obscene and harassing phone calls to a Brenda Dowden at her place of business (Klassy Kids), a felony in violation of R.S. 14:285A

Count 2: October 10, 1990

commit telephone harassment by making obscene and harassing phone calls to a Brenda Dowden at her place of business (Klassy Kids), a felony in violation of R.S. 14:285A
Two or more offenses may be charged in the same bill of information in separate counts for each offense, if the offenses charged are based on the same act or transaction as long as the offenses are triable by the same mode of trial. La. C.Cr.P. art. 493.
The problem with the above bill of information is that it lists the offenses as felonies. A first offense telephone harassment is a misdemeanor; however, a second or subsequent offense is a felony. The penalty provision of La.R.S. 14:285 provides:
C. Whoever violates the provisions of this Section shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
D. Upon second or subsequent offenses, the offender shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than two years, or both.
When a person is charged as a repeat offender in the same class of crime and a prior conviction is necessary to fully charge the offense, the indictment must contain an allegation of a prior conviction. La.C.Cr.P. art. 483 provides:
If it is necessary to allege a prior conviction in an indictment, it is sufficient to allege the name or nature of the offense and the fact, date, and court of the conviction.
An indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense.
In State v. Bouzigard, 286 So.2d 633 (La.1973) the defendant was charged with possession of marijuana and the bill was amended to add “... (defendant) had previously been convicted in State of Louisiana vs. Nos. 40001, 40002, and 40003, Donald Bouzigard, on September 3, 1971”. The defendant was found guilty as charged by a jury and during trial he reserved several bills of exception. On appeal there was no appearance or brief filed on the defendant’s behalf. In reviewing for errors patent the Louisiana Supreme Court held that the bill of information did not comply with the requirements of La.C.Cr.P. art. 483 because it did not allege the name or nature of the offense nor the court of conviction. The court also stated:
It should be noted that prosecution under R.S. 40:966 and comparable statutes which provide for enhanced penalties for repeat violators is unlike prosecution under the Habitual Offender Law, R.S. 15:529.1 which concerns itself with prior unrelated felonies. Únder the statute if the District Attorney chooses to exercise his discretion and charge a defendant with being a habitual offender, he must file a bill of information under R.S. 15:529.1 only after conviction or sentence. There the prior felony or felonies for which a defendant has been convicted, form no element of the most recently committed offense, and as provided by *40 the second paragraph of Article 483, La. C.Cr.Pr.
“... the indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense.”
As the defendant was not charged as a second offender nor convicted of same the sentence imposed is illegal and the case must be remanded for the imposition of a legal sentence. State v. Carter, 168 La. 807, 123 So. 332 (1929).
For the reasons assigned the sentence is annulled and set aside and the case is remanded to the District Court with instructions to sentence the defendant, Donald Bouzigard, on the misdemeanor charge on which he was billed, prosecuted and convicted.
As in Bouzigard, supra, the inclusion of the word felony in the bill of information is insufficient to charge the defendant with a second or subsequent offense. A first offense of telephone harassment is a misdemeanor and a defendant charged with that offense is not entitled to a trial by jury. La.C.Cr.P. art. 779. When a defendant is not entitled to a jury trial for the charged offense, this court has no appellate jurisdiction over the case. La.Const. of 1974, art. V, § 10(C). By Act 516 of 1980 (La.C.Cr.P. art. 912.1) which became effective on July 1, 1982, when this court obtained criminal jurisdiction, the defendant “has the right of judicial review by application to the court of appeal for a writ of review.” The recognition of the error patent in the bill of information would make the charge a misdemeanor which should be reviewed as a writ of review. However, since the defendant was convicted of a felony, he properly sought review by filing an appeal.
The penalty for violation of this statute is greater for second and subsequent offenses. The error in the bill of information has led to the imposition of an illegal sentence. Although the instant offense may be the defendant’s second offense, as illustrated by the following transcript of the sentencing hearing, he was not sufficiently charged as a repeat offender and the state did not offer any evidence that the defendant was a repeat offender. The trial judge noted:
[A]s I understand it, the victim in this case was at her place of employment, a business located in the city of Natchi-toches and she had been receiving numerous harassing and sexually explicit, nauseating and disgusting telephone calls which upset her. This was not the first time that Michael LaBom, who has now spent two years in the penitentiary for this already, this is not the first time that he had done this to this particular victim.
When the two misdemeanors are joined in the same bill of information the penalty is limited by La.C.Cr.P. art. 493.1 as follows:
Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than five hundred dollars, or both.
For the reasons set forth herein the convictions are affirmed; the sentences are set aside and the case remanded to the trial court with instructions to impose sentence in accordance with La.R.S. 14:285 C and La.C.Cr.P. 493.1.
REVERSED IN PART AND REMANDED.