State vs. Hudson.

## No. 40.

### STATE OF LOUISIANA VS. CYRUS HUDSON.

This Court cannot take cognizance of the evidence upon which the accused was denied a new trial by the Court *a qua*, unless that evidence is embodied in a Bill of exceptions. State vs. Nelson, 32 An. 842, affirmed.

A previous conviction for a similar offense should not be charged in the Indictment; but, after verdict and before sentence to the double penalty under Section 974, Rev. Sta., the prisoner must be allowed to show cause, if any he has, why the increased punishment should not be inflicted by the Court on account of the previous conviction.

APPEAL from the Tenth Judicial District Court, parish of DeSoto. *Logan*, J.

W. Pike Hall, District Attorney, for the State, Appellee.

C. M. Pegues for Defendant and Appellant.

First—That if counsel for defendant had not been informed of the existence of certain important facts at the time of trial, because of the ignorance of his client, and failed to make proof of them in consequence thereof, a new trial ought to be granted on a proper showing. Bishop on Crim. Pro., sec. 1281.

Second—That an affidavit of defendant, sufficient in itself to entitle him to a new trial, ought not to be disregarded on the ground that the court deems him unworthy of belief.

Third—That upon a charge of petty larceny, the court can not sentence defendant to eight years' imprisonment in the penitentiary, under sec. 974 R. S.

Fourth—That the State must allege and prove the previous convictions of the defendant for a similar offense before he can be sentenced to extra punishment. Bishop on Crim. Pro., secs. 77 to 88, inclusive, new edition.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant was, on a charge of petty larceny, prosecuted, tried, convicted and sentenced to the State penitentiary, at hard labor, for the term of eight years.

From the verdict and sentence he appeals, and assigns as errors, on the face of the record :

1st. That the judge should have granted him a new trial on the affidavits filed with his application.

2d. That the *maximum* of punishment for petty larceny is imprisonment at hard labor for two years, and that the District Judge has sentenced him to eight years at hard labor in the State penitentiary.

3d. That the court can not condemn him and inflict extraordinary

punishment, unless the indictment or information charges, and the State proves, previous convictions for the same offense.

I.   There being no statement of the facts adduced on the motion for a new trial, or bill of exception, to show what they were, we have no authority to pass upon this first ground.  *State* vs. *Nelson,* decided in June, at Monroe, and not yet reported.

II.   It is true that under sec. R. S. 812, the *maximum* of the punishment for the offense charged is *two* years; but it is equally true that under sec. R. S. 974, the judge has the power to sentence any person who may be convicted for a second or third offense to double and triple the penalty imposed by law, and for a fourth offense, the person so convicted may be sentenced to perpetual imprisonment, and but for the error thirdly assigned the judgment and sentence could not be reviewed.

The information does not charge any previous conviction. From a statement of facts, prepared after trial and conviction, we perceive that the judge admits that no evidence was offered to the jury or to him to show previous convictions, but that he took official notice, as it were, of the same as the facts were of record before his court.

We do not think that the previous convictions should have been charged in the information, as they were not essential ingredients constituting the offense charged, upon which the jury had to pass, and might prejudice the jury.  Although the judge is not allowed to pass upon the facts tending to prove the innocence or guilt of the accused, still he has the right, after verdict, to know whether the accused was or not previously convicted of the offense.   The State can so inform the judge, or the judge may, upon his own suggestion, act upon the existence of such facts after verdict, but in either case it is nothing but just that a proceeding should be taken against the defendant before sentence to show cause why the fact of such previous convictions should not be brought to the knowledge of the court to enable it to exercise its peremptory powers under sec. 974 of the Revised Statutes.   The defendant would then be afforded an opportunity to show, if such be the fact, that the judgments and sentences in the cases referred to were arrested or reversed and annulled, or that he was pardoned

It is an axiomatic truth universally accepted that there can be no punishment without an accusation,   *   *   *   therefore an accusation must precede the punishment.

Bishop on Crim. Proc., 79.

It is, therefore, ordered that the sentence of the court be annulled and set aside, and that the defendant be remanded for sentence according to the views herein expressed and according to law.