(50 South. 613.)

No. 17,812.

STATE v. APFEL.

(Oct. 18, 1909. Rehearing Denied Nov. 15, 1909.)

1. CRIMINAL LAW (§ 1144*) — APPEAL — PRESUMPTION IN FAVOR OF CONVICTION.

The defendant was prosecuted in the juvenile court for having violated the provisions of section 10, Act No. 176, p. 242, of 1908, by permitting a minor to gamble with cards for money in the barroom conducted by him. In the affidavit charging the violation it was alleged that defendant had allowed a minor under 16 years to gamble with cards for money "in the rear of his bar and drinking saloon." The judge found defendant guilty, and defendant moved in arrest of judgment on the ground that "the rear of a bar as set forth in the affidavit was not a place in which gambling was prohibited by Act No. 176 of 1908." Defendant contends that the court erroneously overruled the motion. Held, the case having gone to trial without objection, and the defendant convicted under evidence received without objection, we have to presume that the place in which the gambling was carried on "in the rear of defendant's barroom" was shown to have been under circumstances such as to cause that place to fall under the prohibitory terms and provisions of the statute, and to cure any want of greater precision in the affidavit. Marr's Criminal Jurisprudence, p. 821; State v. Hauser, 112 La. 314, 36 South. 396.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3031; Dec. Dig. § 1144.*]

2. INTOXICATING LIQUORS (§ 106*)—REVOCATION OF LICENSE—SECOND CONVICTION.

Defendant urges that under Act No. 176, p. 236, of 1908, his license to conduct a barroom could only be revoked upon a "second" conviction "for violation of the terms of the act."

*Held*, that the conviction under which the license was revoked was, under the circumstances of the case, "a second conviction," and the sentence appealed from was warranted under the law.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 115; Dec. Dig. § 106.*]

(Syllabus by the Court.)

Appeal from Juvenile Court, Parish of Orleans; Andrew H. Wilson, Judge.

Julius Apfel was convicted on two affidavits, charging, respectively, the selling of liquor to a minor and permitting a minor to gamble in his barroom, and he appeals. Affirmed.

Joseph E. Generelly, for appellant. Walter Guion, Atty. Gen., St. Clair Adams, Dist. Atty., and A. D. Henriques, Asst. Dist. Atty., for the State.

Statement of the Case.

NICHOLLS, J. There were two prosecutions against the defendant for violation of Act No. 176, p. 236, of 1908, both based on affidavits.

The first prosecution, which bore the number 915 in the juvenile court, was based upon an affidavit of Joseph J. Carus, charging that defendant, on the 4th day of June, 1909, "did conduct a barroom and drinking saloon in the parish of Orleans, and did sell and permit to be sold, and did give and permit to be given, to one Fred Harmeyer, a minor aged 16 years, intoxicating and malt liquors."

The second prosecution, which bore the number 916 in the juvenile court, was based upon an affidavit of Joseph J. Carus, charging that defendant, on the 4th of June, 1909, "did allow one Fred Harmeyer, a minor aged 16 years, to gamble with cards for money in the rear of his barroom and drinking saloon."

By agreement between the district attorney and the defendant, both cases, Nos. 915 and 916, were tried together on June 12, 1909; the testimony taken on the trial to be used

in both. After hearing the evidence, accused was found guilty on both charges on that day.

On June 19th the defendant, through counsel, filed a motion for a new trial. The court overruled the motion, to which ruling the defendant reserved a bill of exceptions. Defendant then filed a motion in arrest of judgment in the case No. 915 on the grounds:

"First. That the affidavit did not allege that the defendant knowingly permitted the said minor to gamble.

"Second. That the rear of a barroom, as set forth in the affidavit, is not a place in which gambling is prohibited by Act No. 176 of 1908."

The court took same under advisement until June 25th, when it overruled the same.

In case No. 915 the accused was ordered to pay a fine of $150, and in default of payment to serve 2 months in the parish jail. On June 21st defendant was granted a suspensive appeal from that judgment. On June 25th the defendant was called to the bar for sentence in case No. 916, and was sentenced to pay a fine of $50, or in default of payment to serve 30 days in the parish prison, with (this being a second conviction) a revocation of his license and permit to continue the barroom and saloon business, to which sentence his counsel reserved a bill of exceptions, and moved for a suspensive appeal.

This bill recited that, when defendant was called to the bar for sentence, the assistant district attorney moved the court to revoke the license of the defendant. Defendant's counsel objected, and called the attention of the court to the fact that the law provides that the license of an accused be revoked upon second convictions, and, further, that this was the first conviction, notwithstanding the conviction had in case No. 915, for the reason that both cases grew out of the same transaction, as was evidenced by the testimony in case No. 915, made part of the bill for reference; that is to say, the evidence offered by the state established that liquor was sold to the minor while he was playing cards, and the court ruled that, although the offense occurred at one and the same time, there being two convictions, it considered the second conviction as defined by law, and imposed a fine of $50 or 30 days' imprisonment, and revoked the license of the accused, to which ruling and sentence defendant excepted, and reserved a bill of exception, which he presented for signature.

To this bill, the judge, in signing the same, made the following per curiam:

"The court states that Apfel was convicted in this court under No. 915 for selling liquor to a minor, as will be shown by said record, which goes to the Supreme Court on appeal. This selling of liquor to a minor was done at the same time as Apfel allowed the boy to gamble. for which he was convicted in this court, No. 916. In the court's opinion there were two offenses and convictions, and, therefore, on second conviction, Apfel's license was revoked. As both records go to the Supreme Court on appeal, this matter is properly presented for adjudication."

## Opinion.

Appellant relies in this court upon the grounds set up in the motion in arrest, that "the rear of a barroom, as set forth in the affidavit, is not a place in which gambling is prohibited in Act No. 176 of 1908," and the bill of exception taken is to the sentence imposed upon appellant in case No. 916, revoking his license.

In the brief filed on behalf of defendant, counsel says that, as regards case No. 915 (selling liquor) there is no ground of complaint; that the appeal taken in that case was to have a proper transcript in the present case; that the two serious questions in case No. 916 are the issues raised in the motion in arrest and the sentence revoking the license. Counsel for the state, in answer to the contention made in the motion in arrest that the rear of a barroom may be a place where gambling is prohibited by Act No. 176 of 1908, and the affidavit properly so alleged, urges that:

"If there was any defect in the affidavit, it was aided and cured by verdict; that objections

to informations or indictments should be taken advantage of by demurrer or motion to quash, and not by motion in arrest of judgment. The case having gone to trial without objection, and the accused convicted, we have to presume (under evidence taken also without objection) that the place in which gambling was carried on in the rear of defendant's barroom was shown to have been under circumstances such as to cause that place to fall under the prohibitory terms and provisions of the statute, and to cure any want of greater precision in the affidavit. Marr's Criminal Jur. p. 821; State v. Hauser, 112 La. 314, 36 South. 396.

"The point in the case most strenuously contested is whether the penalty imposed by the court upon the appellant of revocation of his permit or license was warranted and justified under the circumstances of the case. Section 6 of Act No. 176 of 1908 makes it unlawful for any person conducting a barroom where spirituous, vinous, or malt liquors are sold to sell or permit to be sold, or to give or permit to be given, any intoxicating liquors to minors, and declares that any one violating the provision of that section shall, upon conviction, be fined in a sum not less than $50 nor more than $500, or by imprisonment in the parish jail or prison for not more than 2 years, or by both such fine and imprisonment.

"The seventh section declares that any person convicted of selling or permitting to be sold, or giving or permitting to be given, any intoxicating liquors to minors, shall, in addition to the punishment prescribed in section 6 of the act, be permanently deprived thereafter of the privilege of conducting a barroom, and the revocation of said privilege shall be declared by the court having jurisdiction to impose the penalty fixed by section 6 of the act."

Though the court found the defendant guilty of the charge contained in the affidavit in suit No. 915, the judge of the juvenile court did not impose upon him in his sentence as a penalty the revocation of his license or privilege, and it is claimed, as he did not do so, that penalty could not thereafter be imposed, upon his being found guilty under the affidavit in case No. 916.

Judgment in No. 916 was based, as has been recited, upon a charge that "defendant had permitted a minor to gamble in the rear of his barroom," as prohibited in section 10 of the act, while section 7 of the act authorized the revocation of the license on a first conviction for the violation of the provisions of section 6. Section 8 provides that any

one violating provisions of that section, or any of the provisions of the act, shall be guilty of a misdemeanor, and upon conviction thereof be fined in a sum not less than $50, nor more than $500, or by imprisonment in the parish jail or parish prison for not more than 2 years, or by both such fine and imprisonment, and shall upon a second conviction be permanently deprived thereafter of the privilege of conducting a barroom, and the revocation of said permit or privilege shall be declared by the court having jurisdiction to impose the penalties fixed by the act. Appellant urges:

"That when the prosecution contends that the judgment of forfeiture could be valid in case of first conviction, it must have in mind case No. 915 (selling liquor to minors), to which section 7 of the act could be applicable; but it loses sight of the fact that in case No. 915 the court did not pronounce the forfeiture, but simply a fine, and that the forfeiture was pronounced in case No. 916 (for gambling in cards), which is a violation, if any, of section 10 of the act denouncing playing with cards.

"The agreement entered into with the assistant district attorney shows conclusively that there was but one state of facts, and the court in State v. Augustine, 29 La. Ann. 119, said: 'We think the spirit of our law forbids two indictments for different offenses arising out of the same state of facts.'

"The alleged second affidavit must appear as nothing more than a second count, and certainly not a second conviction, within the meaning of section 8, which is intended to cover the case of an individual who commits a second offense in point of time. It is further suggested that the second violation must be of the same character."

The violation of the statute by selling liquor within his barroom to minors is declared and provided for in a separate section from the violation of the statute allowing a minor to gamble therein. The affidavits filed in the court charged the acts as being separate violations. The offenses charged in them, though tried on the same day for convenience and economy, were never cumulated or consolidated. Each charge was disposed of by the judge by a separate judgment and by a separate sentence, all this without objection or complaint from the accused. We

do not think that the acts charged constituted one single offense, nor that the finding of the defendant guilty separately on each charge can be said to evidence one single conviction; nor do we think that the judge, in pronouncing the particular sentence he did, under No. 915, and failing therein to declare the revocation of appellant's license, had forcedly waived or exhausted the penalty against him, and limited and restricted it finally to the fine.

We are of the opinion that, though the judge may have had the legal authority to have declared the revocation of defendant's license in that case under the provisions of section 7 of the act, he had the discretion and right to reserve the revocation until he had been called upon to take a further action under some additional charge.

We are of the opinion that the judgments appealed from are correct, and they are hereby affirmed.