(51 South. 681.)

No. 17,983.

STATE v. COMPAGNO.

(Feb. 14, 1910.)

*(Syllabus by the Court.)*

INDICTMENT AND INFORMATION (§ 114*)—SUF-FICIENCY—SECOND OFFENSE.

Where a statute provides a greater penalty for the commission of an offense a second time, the prior conviction enters into and is an element of the second offense, and as such an element it must be stated in the indictment, so that the accused may be made fully aware of the offense with which he is charged.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 301–307; Dec. Dig. § 114.*]

Appeal from Juvenile Court, Parish of Orleans; Andrew H. Wilson, Judge.

Anthony Compagno was convicted of selling liquor to minors, and appeals. Reversed and remanded.

S. A. Montgomery, for appellant. St. Clair Adams, Dist. Atty., and A. D. Henriques, Jr., Asst. Dist. Atty., for the State.

BREAUX, C. J. The defendant, Anthony Compagno, appeared before the juvenile court in answer to an affidavit charging him with having sold liquor to minors in violation of section 7, Act 176 of 1908, the "Gay-Shattuck Law."

He was tried before that court and found guilty.

The court sentenced the defendant to pay a fine of $100 and to serve three months in the parish prison; and the court also condemned the defendant, on the ground that it was his second offense, to a forfeiture of all barroom privileges.

The point involved for decision is whether a cumulative penalty can be imposed, the affidavit containing no reference to a prior offense.

The defendant claims the constitutional right to require a charge in the affidavit against him setting up the nature of the accusation.

The question is one of law, and is before us by required legal bill of exception.

As an original proposition, the position of defendant is tenable.

There is, however, one decision, and only one, expressing a contrary view, to wit, State v. Hudson, 32 La. Ann. 1052. The reasoning of the court in that case is not persuasive. The discussion in that case shows that the indictment or information contained no charge of a prior offense committed by the accused. No evidence was offered to the jury of such a conviction nor to the judge.

The judge took official cognizance of it, and imposed a cumulative penalty.

The court in the cited case said that the defendant was offered an opportunity to show, if he had been convicted previously or not at the time, that the court took official cognizance of that fact. The court further said that the accused was not prejudiced. On the contrary; but that, if it had been alleged in the indictment or information that he had been convicted at a previous date, such allegation would have been prejudicial to the defense before the jury, as it would appear that he was charged with having committed a prior offense.

Where a defendant claims the right to have the crime for which it is sought to convict him fully set forth in the act of accusation, his right to have a full statement cannot be denied to him on the ground that the state treats him with special leniency, and withholds a charge apprehending a charge of pri-

125 LOUISIANA REPORTS.

or conviction, for the reason that it may prejudice him before the jury. If the averment is essential, it should be made a ground in the affidavit.

We are of opinion that it is essential; that the first conviction must be alleged. It enters into and makes part of the last offense. It is an aggravation which gives rise to an increase of the punishment. In matter of increasing the punishment it is an essential.

The defendant has the right to know why it is that the punishment is increased, and that knowledge should be conveyed to him before sentence by properly charging him with the fact that he has been previously convicted.

In other words, it becomes a part of the second offense. It is the basis of the sentence for increasing the punishment.

The identity of the party is a question to be considered, and it should be fully established that he has been found guilty. The charge is a part of the prosecution.

The organic law of the state provides that in all prosecutions that defendant shall be informed of the nature and cause of the accusation against him. Article 10 of the Constitution of 1898.

In other jurisdictions it is generally held that the previous offense must be charged, as before mentioned.

In the text and notes of the Eng. & Am. Ency. of Law (2d Ed.) a similar view is expressed.

We have found no decision to the contrary, except the decision first above cited.

In 15 Century Dig. p. 1047, it is stated that it is necessary a previous conviction be charged, and that. defendant plead thereto, and that the plea be passed upon by the jury. Section 3262, D. H. I. (notes).

The defendant has the right to be tried according to the common law.

The weight of the decisions shows that it is as before expressed.

We feel constrained to agree with the many decisions upon the subject. Moreover, it appears to us entirely correct that one accused should know the nature and extent of the accusation against him. It is his right. We are not of opinion that we should hold to the contrary to that which was decided by this court many years ago, despite the fact that we are not very much inclined to overrule decisions, and only overrule them when it becomes evident that an error has been committed.

It follows that the 32 La. Ann. 1052 case—State v. Hudson—is overruled. The point here involved for decision was not passed upon in State v. Julius Apfel (No. 17,812) 50 South. 613.[1] It was not decided either directly or indirectly.

We hold that the previous crime must be charged before sentence and passed upon after having heard the proof of the previous crime charged and after it has been made to appear that the previous charge is one which can be considered as effective against the defendant in holding that he has aggravated his second offense because of his having committed the first.

It is therefore ordered, adjudged, and decreed that the sentence appealed from is annulled, avoided, and reversed; that the juvenile court is directed upon this verdict of guilty to sentence the accused on the verdict which found him guilty of having sold liquor to minors in violation of section 7 of Act 176 of 1908, to wit, "Gay-Shattuck Law," and that the asserted prior offense be not taken into consideration in passing sentence.

The case is remanded to be proceeded with in accordance with the views above expressed.

---

[1] 124 La. 649.