(75 South. 102)

No. 22405.

STATE v. DANIEL.

(April 16, 1917.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION ⟨⟫114 — THIRD OFFENSE—REQUISITES.

In order to convict the defendant of the aggravated offense of repeating the commission of the same misdemeanor, and to give the court authority to impose double or triple the penalty imposed by law for the first offense, it is proper and necessary to charge the previous offenses and convictions in the bill of indictment or information.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 301–307.]

2. CRIMINAL LAW ⟨⟫400(2), 1202(3)—FORMER CONVICTIONS—BEST EVIDENCE—ADMISSIBILITY.

There being no written judgment of conviction of a misdemeanor, the minutes of the court showing the conviction and sentence furnish the best evidence of the fact, and are admissible in evidence in a subsequent prosecution to give the court authority to impose double or triple the penalty imposed by law for the first offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 879–886, 1208, 1209, 3261.]

3. WEAPONS ⟨⟫17(8)—CARRYING CONCEALED WEAPONS—PENALTY.

The statute declaring the penalty for carrying concealed weapons to be a fine or imprisonment in the parish jail does not give the court authority to impose both fine and imprisonment.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 33.]

Appeal from Sixth Judicial District Court, Parish of Morehouse; Ben C. Dawkins, Judge.

Walter E. Daniel was prosecuted for the third offense of carrying concealed weapons, and he appeals. Judgment of conviction affirmed, and sentence set aside, and cause remanded for sentence according to law.

J. T. Shell, of Bastrop, for appellant. A. V. Coco, Atty. Gen., and F. M. Odom, Dist. Atty., of Bastrop (Vernon A. Coco, of Marksville, of counsel), for the State.

O'NIELL, J. The defendant was prosecuted for carrying concealed weapons. With the view of invoking the provision of section 974 of the Revised Statute, authorizing the judge to sentence any person convicted the second or third time of the same offense to double or triple the penalty imposed by law, it was alleged in the bill of information that the defendant had already been convicted twice of the offense of carrying concealed weapons. The date of each of the previous convictions was stated in the bill of information, and it was alleged that the purpose was to inform the defendant of the intention to have him sentenced, in the event of the third conviction, to double or triple the penalty imposed by the statute forbidding the carrying of concealed weapons.

The defendant filed a motion to quash the bill of information, on the ground that, by charging the two previous offenses and convictions, for the purpose of showing an aggravation of the third offense charged, the bill of information charged the commission of more than one crime, and was invalid for duplicity. He alleged that the charging of the previous offenses and convictions would have the effect of prejudicing his defense of

the prosecution for the offense for which he had not been convicted or tried.

The motion to quash the bill of information was overruled, and a bill of exceptions was reserved to the ruling. The defendant was tried and convicted, and was sentenced to pay a fine of $500 and the costs of the prosecution, and to serve 6 months' imprisonment in the parish jail, subject to work on the public roads, and, in default of his paying the fine and costs, to serve an additional term of 6 months' imprisonment in the parish jail, subject to road duty, the terms of imprisonment not to be concurrent. The defendant has appealed from the conviction and sentence, and, in addition to the complaints urged in the bills of exception, complains that the sentence of both fine and imprisonment was not authorized by law.

[1] In support of his motion to quash the bill of information, the learned counsel for the defendant relies upon the decision in State v. Hudson, 32 La. Ann. 1052, where it was held that a previous conviction for a similiar offense should not be charged in the indictment, but that, after verdict and before sentence to double the penalty under section 974 of the Revised Statutes, the prisoner should be allowed to show cause, if any he has, why the increased punishment should not be inflicted on account of the previous conviction. That decision was expressly overruled in the case of State v. Compagno, 125 La. 672, 51 South. 681; and we are not ready to reinstate the doctrine. It was based upon a consideration that can have no application to a prosecution for a misdemeanor, which is tried before the judge without a jury; that is, that the charging of a previous offense and conviction might prejudice the defendant before the jury. We adhere to the doctrine of the later decision, State v. Compagno, supra.

[2] Another bill of exception was reserved to the ruling of the district judge permit-ting the introduction in evidence on behalf of the state of other evidence of the previous convictions than a judgment of conviction. The contention of the defendant's counsel was and is that, the judgments of conviction of the first and second offense being the best evidence thereof, the minutes of the court showing that the defendant had been twice previously convicted and sentenced was only secondary evidence. The judge overruled the objection because, the offense being a misdemeanor, no formal judgment of conviction had been signed or written. The only evidence of the previous convictions was contained in the minutes of the court, which were introduced in evidence on the trial of this prosecution. Our opinion is that the ruling was correct.

There appears in the record another bill of exceptions, which has not been urged on appeal and which we presume has been abandoned. It refers to a request of the defendant's counsel that the trial judge charge or maintain certain legal propositions. We find no merit in the bill of exceptions, because the judge did, in effect, sustain the legal propositions submitted by the defendant's counsel.

[3] We find no error in the conviction; but we are of the opinion that there was no authority for imposing upon the defendant the penalty of both fine and imprisonment.

Section 974, R. S., provides that the judge shall have the power to sentence any person who may be convicted for a second or third offense to double or triple the penalty imposed by law. The penalty imposed by law for carrying concealed weapons is a fine or imprisonment, the fine to be not less than $100 nor more than $500; the imprisonment to be not less than 60 days nor more than 6 months in the parish prison. See Act No. 43 of 1906, p. 58. There is no authority for imposing a penalty of both fine and impris-

onment for the carrying of concealed weapons. Following the precedent established in State v. Anderson, 125 La. 779, 51 South. 846, and approved in the case of State v. Vickie McCue, No. 22,351, 75 South. 100,[1] decided this day, we are constrained to annul and set aside the sentence imposed in this case, and to remand the case to the district court, in order that the defendant may be sentenced according to law.

For the reasons assigned, the judgment convicting the defendant is affirmed, but the sentence imposed upon him is annulled and set aside, and this case is remanded to the district court in order that the defendant may be sentenced according to law.