286 So.2d 633 (1973)
STATE of Louisiana
v.
Donald BOUZIGARD.
No. 53748.
Supreme Court of Louisiana.
December 3, 1973.
*634 Gordon Hackman, Boutte, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy Hartley, Special Coun. Atty. Gen., Francis Dugas, Dist. Atty., Walter Naquin, Jr., Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, Donald Bouzigard, was charged by bill of information with having violated La.R.S. 40:966, possession of marijuana. Prior to trial, the district attorney apparently informed the defendant and his attorney that the defendant would be prosecuted as a second offender for possession of marijuana, a felony punishable by fine and/or imprisonment with or without hard labor for not more than five (5) years under Sec. D(2) of R.S. 40:966. On March 30, 1973, a five man jury found the defendant guilty of possession of marijuana.
On April 24, 1973, the court sentenced the defendant to be committed to the Louisiana Department of Corrections for a period of three years at hard labor. The defendant has appealed his conviction and sentence.
Although several bills of exceptions were reserved during the trial, none were perfected. Nor did defendant or anyone on his behalf file a brief or appear for oral argument. Therefore, our review is limited to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. La. Code Crim.Pro. Art. 920.
The pleadings and proceedings, including the corrected minutes, indicate that the defendant was tried under a bill of information charging him with simple possession of marijuana. The bill did not allege that defendant had been previously convicted of a similar offense. Accordingly, the charge was a misdemeanor.
On the day of sentencing, however, the State attempted to amend the bill of information to include the following:
"... Donald Bouzigard had previously been convicted in State of Louisiana vs. Nos. 40001, 40002, and 40003, Donald Bouzigard, on September 3, 1971."
*635 Although the bill of information, as amended, does not specifically charge defendant with having been previously convicted for possession of marijuana, presumably the three numbered proceedings did involve convictions for possession of marijuana. Accordingly, the State's attempt to amend the bill of information was designed to raise the grade of offense from a misdemeanor to a felony under the provisions of R.S. 40:966.[1]
It was on the basis of this amended bill of information that the court imposed a felony sentence, namely, three years at hard labor in the custody of the Louisiana Department of Corrections.
There are two reasons why this sentence cannot stand. First of all, the amended bill of information does not comply with the requirements of Article 483 of the Code of Criminal Procedure. That article regarding allegations of prior convictions states that
"If it is necessary to allege a prior conviction in an indictment, it is sufficient to allege the name or nature of the offense and the fact, date, and court of the conviction."
The amended bill of information in this instance does not allege the name or nature of the offense nor the court of the conviction.
There is, however, another reason why the amended bill of information may not support the sentence imposed.
There are several provisions in our criminal code which provide for enhanced penalties for repeat offenders: R.S. 14:67 Theft, R.S. 14:98 Operating a Vehicle While Intoxicated, R.S. 14:99 Reckless Operation of a Vehicle. Like the pertinent statute before us, R.S. 40:966, there are in these statutes provisions for enhanced penalties for repeat offenders. And as is noted in the Official Revision Comment to Article 483 of the Code of Criminal Procedure, "... there is no provision in those articles which authorizes a district attorney to wait until after a defendant is convicted of the charge in question to inform him that he has been prosecuted as a multiple offender. In such cases the prior convictions, like the amount of damage done in a simple arson case, is a matter to be determined in arriving at the degree of the defendant's guilt and must be alleged in the indictment." See State v. Compagno, 125 La. 669, 51 So. 681 (1910).
In a more recent decision of this Court involving prosecution for operating a motor vehicle while under the influence of alcoholic beverages as a second offender, this Court stated, "But even though prior convictions do not constitute a material ingredient of the crime here charged, it is our view that in order for the accused to be sentenced as a second, third, or fourth offender under the provisions of this statute the prior convictions must be alleged in the affidavit, information, or indictment." State v. Montgomery, 250 La. 326, 195 So. 2d 285, 287 (1967).
As in the case of prosecution for multiple offender DWI, the prosecution for multiple offender possession of marijuana, must include in the bill of information the charge that the defendant had been previously convicted of the same offense.
*636 The State makes the plausible argument that the reason it waited until after the defendant was found guilty to amend the bill of information to include the prior convictions, instead of initially doing so, was to prevent the defendant from being unduly prejudiced by in effect advising the jury that defendant had been convicted of a prior crime. This contention was answered by this court in State v. Compagno, supra, when it stated,
"Where a defendant claims the right to have the crime for which it is sought to convict him fully set forth in the act of accusation, his right to have a full statement cannot be denied to him on the ground that the state treats him with special leniency, and withholds the charge apprehending [sic] on a charge of prior conviction, for the reason that it may prejudice him before the jury. If the averment is essential, it should be made a ground in the affidavit. We are of the opinion that it is essential; that the first conviction must be alleged. It enters into and makes part of the last offense. It is an aggravation which gives rise to an increase of the punishment. In matter of increasing the punishment, it is an essential." 51 So. at 682.
Compagno was re-affirmed in State v. Daniel, 141 La. 423, 75 So. 102 (1917).
It should be noted that prosecution under R.S. 40:966 and comparable statutes which provide for enhanced penalties for repeat violators is unlike prosecution under the Habitual Offender Law, R.S. 15:529.1 which concerns itself with prior unrelated felonies. Under that statute if the District Attorney chooses to exercise his discretion and charge a defendant with being a habitual offender, he must file a bill of information under R.S. 15:529.1 only after conviction or sentence. There the prior felony or felonies for which a defendant has been convicted, form no element of the most recently committed offense, and as provided by the second paragraph of Article 483, La.C.Cr.Pr.
"... the indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense."
As the defendant was not charged as a second offender nor convicted of same the sentence imposed is illegal and the case must be remanded for the imposition of a legal sentence. State v. Carter, 168 La. 807, 123 So. 332 (1929).
For the reasons assigned the sentence is annulled and set aside and the case is remanded to the District Court with instructions to sentence the defendant, Donald Bouzigard, on the misdemeanor charge on which he was billed, prosecuted and convicted.
BARHAM, J., concurs with reasons.
BARHAM, Justice (concurring).
I concur in the reversal of the defendant's conviction. I am of the opinion that the majority has correctly stated the law as it now exists in reaching that result. However, I feel I must call attention to the fact that the law is inconsistent with our general scheme of criminal justice and that there is opportunity and, in my opinion, need for change in the statutory law so that a more equitable, just and consistent result may be obtained.
Defendant here is charged with the possession of marijuana, and, if correctly charged under the law, the indictment would have charged him with possession of marijuana as a second offender, naming the former offense of possession, the nature, the fact, the date and the court where the conviction was had.
R.S. 40:966 makes possession of marijuana a crime, and a conviction subjects the defendant to a fine of not more than $500 and imprisonment in the parish jail *637 for not more than six months. If the conviction is a "second conviction" the offender may be fined $2,000 and/or imprisoned, with or without hard labor, for not more than five years. A third, or any subsequent conviction, subjects the offender to imprisonment, with or without hard labor, for not more than twenty years.
There are a number of criminal statutes in the Criminal Code, Title 14, which likewise enhance the penalty in accord with the number of convictions. Subsequent convictions of theft under R.S. 14:67 increase the penalty, as do subsequent charges of operating a vehicle while intoxicated, R.S. 14:98, and reckless operation of a vehicle, R.S. 14:99. Code of Criminal Procedure Article 483 states, in part:
"If it is necessary to allege a prior conviction in an indictment, it is sufficient to allege the name or nature of the offense and the fact, date, and court of the conviction."
This article, along with the provisions for the crimes previously listed, makes it necessary in this case to spread before the jury, during the trial of a defendant for one offense, all prior convictions, in order that the penalty may be enhanced. In construing the multiple offender statute, we have held that the jury cannot be informed of the previous convictions which will later be spread before a judge alone so that he may determine the penalty to be imposed. State v. Jones, 209 La. 394, 24 So.2d 627 (1945). The multiple offender statute permits unrelated felonies to be used for the purpose of enhancing the penalty. Contrarily, under the statutes similar to the one we deal with here, only offenses of the same nature may be used to enhance the penalty. Under our Code and our jurisprudence, the State is required to place before the jury these earlier convictions by way of the bill of indictment before the State can try the defendant for the single offense with which he is charged.
The determination of whether or not there have been prior convictions for the same offense is a judge question. This question could be decided before trial under a pretrial device requiring the judge to determine if and how many prior convictions for the same offense have been returned against the particular defendant. For example, under the statute which this defendant was charged, it would be a simple proceeding to present evidence of any prior convictions for possession of marijuana against this particular individual. Upon making that determination, the judge could then order a trial by judge or by the proper jury for the specific offense under which the defendant stands charged at the moment, according to the penalty provision which will be applied. The jury would not be informed of the prior offense. They would simply determine his guilt or innocence of the offense charged.
Our law condemns the use of other offenses during the trial of the defendant for a particular offense because of the overriding prejudicial effect it may have in the jurors' minds of the guilt or innocence for the particular offense charged. Particularly in crimes involving narcotics, prior offenses are highly prejudicial in determining whether or not a defendant is guilty of the particular offense of which he is presently accused.
While I again reiterate that the present law is as stated by the majority, I am of the opinion that a correlation of these statutes that enhance punishment with the general concept in criminal justice that prior offenses should not be used in the prosecution of a defendant would lead to reform through a simple system. Prior convictions for the purpose of enhancement are, in my opinion, a judge question. That determination may be made before trial in order to determine the nature of the form required for the trial under the quality and quantity of the punishment. The defendant may be afforded a fair, non-prejudicial trial on the guilt or innocence question which is presented and, if found guilty, the proper penalty may be imposed upon the defendant. This procedure appears to me *638 to follow the general intent of our Criminal Code and our Code of Criminal Procedure and to further our general concept of criminal justice.
I respectfully concur.
NOTES
[1] R.S. 40:966 provides:

. . . . .
D. Possession of marijuana. (1) On a first conviction for violation Subsection C of this section with regard to marijuana, the offender shall be fined not more than five hundred dollars and/or imprisoned in the parish jail for not more than six months.
(2) On a second conviction for violation of Subsection C of this section with regard to marijuana, the offender shall be fined not more than two thousand dollars and/or imprisoned with or without hard labor for not more than five years.
(3) On a third or subsequent conviction for violation of Subsection C of this section with regard to marijuana the offender shall be sentenced to imprisonment with or without hard labor for not more than twenty years. Added by Acts 1972, No. 634, § 1.