359 So.2d 150 (1978)
STATE of Louisiana
v.
Eddie POUNDS.
No. 61,229.
Supreme Court of Louisiana.
May 22, 1978.
Rehearing Denied June 15, 1978.
*151 Hugh P. Lambert, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Lindsay A. Larson, III, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
By bill filed February 7, 1977 the District Attorney informed the Criminal District Court of Orleans Parish that on January 28, 1977 Eddie Pounds
". . . did illegally and intentionally carry concealed on his person a firearm, to-wit: a pistol, the said EDDIE POUNDS having previously been convicted of carrying a concealed weapon on April 22, 1975 in the Criminal District Court for the Parish of Orleans, and also having previously been convicted of carrying a concealed weapon, on May 18, 1973 . . . ."
The offense is a violation of Article 95 of the Criminal Code which, in pertinent part, provides:
"A. Illegal carrying of weapons is:
(1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person.
. . . . . .
B. Whoever commits the crime of illegal carrying of weapons shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
C. On a second conviction, the offender shall be imprisoned with or without hard labor for not more than five years.
D. On third and subsequent convictions, the offender shall be imprisoned with or without hard labor for not more than ten years without benefit of parole, probation, or suspension of sentence.
E. The enhanced penalty upon second, third, and subsequent convictions shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction or convictions, and the time of the commission of the last offense for which he has been convicted; the sentence to be imposed in such event shall be the same as may be imposed upon a first conviction.
F. The provisions of this Section except Paragraph (4) of Subsection A shall not apply to sheriffs and their deputies, state and city police, constables and town marshals, or persons vested with police power when in the actual discharge of official duties."
After pleading not guilty to the charge, Pounds was tried, found guilty and sentenced to serve five years at hard labor in the custody of the Department of Corrections. On this appeal seven assignments of error are urged as a basis for reversal of the conviction and sentence and granting defendant a new trial.
Assignment 1: While the record does not reflect that an objection was made to the fact that the trial judge informed the jury that the defendant was guilty of previous offenses, defendant's version of this issue is contained in affidavits submitted by defense counsel and his assistant at the trial. As these affidavits are understood, the trial judge preliminarily advised the jury, in accordance with the bill of information, that defendant was being tried for carrying a concealed weapon, a gun, having twice been previously convicted of the same offense. Defense counsel asserts in the affidavits that objection was made to this comment by the trial judge outside the presence of the jury and a request was made for a mistrial.
If the affidavits of the defense counsel are properly understood, they complain of the reading of the indictment in the presence of the jury. Some provisions regulating the steps of a trial are essential to orderly proceedings. One such step in the normal order of trial after the selection and swearing of the jury is "[t]he reading of the indictment." La.Code Crim.Pro. art. 765(2). A reading of the indictment in this case involves a reference to the fact that defendant is being tried for carrying a concealed *152 weapon, a gun, having previously been twice convicted of the same offense, giving dates and the count of the prior convictions.
It is required by Article 464 of the Code of Criminal Procedure, in the absence of a prescribed short form in Article 465, that "The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."
Thus, in order to charge defendant in accordance with Article 95 of the Criminal Code, it was necessary that the bill of information set forth defendant's two previous convictions in order to sustain a charge for a third conviction. Reference to the two previous convictions was therefore required to state "the essential facts constituting the offense charged." Such a statement in this indictment is authorized by Article 483 of the Code of Criminal Procedure in explicit terms.
"If it is necessary to allege a prior conviction in an indictment, it is sufficient to allege the name or nature of the offense and the fact, date, and count of the conviction.
"An indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense."
This article is designed to facilitate the allegation of prior convictions where they must be included in the original indictment, and where the prosecutor is not authorized to wait until after conviction to inform the defendant that he has been prosecuted as a multiple offender. Examples are offenses where the criminal statute provides enhanced penalties for recidivist offenders, such as, theft (La.Rev.Stat. 14:67), operation of a vehicle while intoxicated (La.Rev. Stat. 14:98), reckless operation of a vehicle (La.Rev.Stat. 14:99), possession of marijuana (La.Rev.Stat. 40:966(D)(2)), and the instant statute on concealed weapons.
A contention that these allegations of prior offenses deprive defendant of the presumption of innocence and the constitutional right not to incriminate himself are not tenable. U.S.Const. Amend. V, La.Const. art. I, § 16. These constitutional rights are met by provisions of equal dignity and efficacy. It is a basic constitutional mandate that in a criminal prosecution an accused shall be informed of the nature and cause of the accusation against him. U.S.Const. Amend. VI; La.Const. art. I, § 13. It is this latter right which Articles 464 and 483 of the Code of Criminal Procedure implement.
Without the statement in the bill of information relative to prior offenses the accused could not know whether he would stand trial for a misdemeanor or felony; whether the prior convictions were under the same statute; and whether the prior convictions were too remote in time to warrant the enhanced penalty provided for in the statute. All of this is required to inform the accused or the "nature and cause of the accusation against him" and to satisfy the constitutional mandates to that effect.
Decisions of this Court have upheld the principles relied upon here in a prosecution for a multiple-offender conviction for possession of marijuana. State v. Keys, 328 So.2d 154 (La.1976); and in a prosecution for driving while intoxicated, State v. Gerald, 250 La. 759, 199 So.2d 536 (1967). See also State v. Daniel, 141 La. 423, 75 So. 102 (1917); State v. Compagno, 125 La. 669, 51 So. 681 (1910). To do otherwise would render recidivist statutes like Article 95 entirely ineffective.
On the foregoing authority no error occurred when the bill of information was read in the presence of the jury.
Assignments 2, 3, 5 and 6: It is asserted that it was error to refer to the prior convictions in the bill of information, without affording defendant an opportunity to produce evidence concerning the circumstance surrounding these convictions.
After the opening statement of the State's attorney, and before any witness testified, this stipulation was read to the jury: "It is agreed by and between the parties that Eddie Pounds pled guilty to the charge of illegal carrying of weapons on May 18, 1973, and on April 22, 1975." In *153 conjunction with the stipulation the trial judge strongly emphasized to the jury that the defendant's prior convictions were to have no bearing on their determination of guilt or innocence in the instant prosecution. Thereafter defendant testified. During the course of his testimony, defense counsel asked him to relate the circumstances of his prior guilty pleas to the crime of carrying a concealed weapon. An objection by the State's Attorney that the stipulation precluded further inquiry into those guilty pleas was sustained. Defense counsel's offer to proffer this testimony was refused by the trial judge.
Having stipulated to convictions of the previous offenses, the issues relating to them were foreclosed in this prosecution. Consequently testimony concerning these prior convictions was irrelevant. It is the existence of the prior convictions which supply the elements of the crimes. Attacks upon these prior convictions are properly the subject of post conviction remedy.
Assignment 7: Accepting defendant's assertion that the State's attorney referred to the fact that defendant did not call his girl friend as a witness to testify because her testimony would be harmful, we do not find that error resulted.
According to the defense version of the case as gleaned from defendant's testimony, defendant was arrested at approximately 1:55 in the morning. Defendant testified that immediately prior to his arrest he left his house and told his girl friend that he was going to get something to eat at Ross' Restaurant. This testimony was offered to show that he had a right to be where he was when arrested and that he was doing something reasonable.
It is inferred that the State's statement was made in closing argument, although that part of the record has not been designated and no reference to the transcript of testimony is made in support of this assignment of error.
In any event, evidence under the control of a party and not produced by him creates a presumption that it was not produced because it would not have aided him. La.Rev.Stat. 15:432. And, in argument, the State is entitled to refer to lack of evidence and to conclusions of fact drawn therefrom. La.Code Crim.Pro. art. 774. On this authority the State's reference to the girl friend's failure to testify was permissible.
Assignment 8: It is contended the trial judge erred by instructing the jury on the effect of flight by an accused. Such an instruction is said to presuppose that the defendant did in fact flee from the scene of the crime.
At the trial defendant testified that while he was on the way to get something to eat, a man who was being chased by the police ran past him and the police wrongfully believed that it was defendant who had been running from them. The arresting officer testified, however, that he chased defendant without losing sight of him until the moment of the arrest. The question of flight, therefore, was at issue and the law of flight was applicable to the case. As such the court was obligated to charge the jury on the law of flight. La.Code Crim. Pro. art. 802(1).
In his charge the trial judge carefully stated that it was incumbent upon the jury to determine whether defendant fled. The charge did not presuppose that defendant fled as the defense contends.
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs, having reservations about the treatment of assignments of error ¶ 2, 3, 5, 6.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
By its ruling on defendant's assignments of error numbers 2, 3, 5 and 6 this Court has compounded the inequity of its previous decisions. The majority opinions of this Court which permit a prosecutor to cross-examine a defendant on the circumstances surrounding the crime forming the basis of a prior conviction, regardless of their irrelevance *154 to the witness' credibility, State v. Dupar, 353 So.2d 272 (La.1977); State v. Chenier, 343 So.2d 177 (La.1977); State v. Williams, 339 So.2d 728 (La.1976); State v. Elam, 312 So.2d 318 (La.1975); State v. Jackson, 307 So.2d 604 (La.1975); have been criticized, Pugh, The Work of the Louisiana Appellate Courts for the 1974-1975 Term-Evidence, 36 La.L.Rev. 662-64 (1976); and in my opinion are incorrect. The decision in the instant case only adds to the injustice by denying to a defendant, who has admitted a prior conviction by stipulation, the right to bring out circumstances surrounding his prior convictions which may be favorable to his defense. If the State is to be allowed to explore such irrelevant details at trial, it would seem that fairness and equal application of law require that the defendant be extended the same privilege.