814 So.2d 47 (2002)
STATE of Louisiana
v.
Sylvester HOWARD, Sr. A/K/A Sylvester Griffin A/K/A Roger Johnson.
No. 2001 KA 1487.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
*48 Joseph L. Waitz, Jr., District Attorney, Houma, for Appellee State of Louisiana, By Bradley A. Doyle, Ellen Daigle Doskey, Assistant District Attorneys, Houma.
Brian P. Brancato, New Orleans, for Defendant/Appellant Sylvester Howard, *49 Sr. a/k/a Sylvester Griffin a/k/a Roger Johnson.
Before: FITZSIMMONS, DOWNING and LANIER,[1] JJ.
WALTER I. LANIER, Jr., J. Pro Tem.
The defendant, Sylvester Howard, Sr., a/k/a Sylvester Griffin a/k/a Roger Johnson, was charged by amended bill of information with possession with intent to distribute cocaine (second or subsequent offense), a violation of La. R.S. 40:967 A(1) and La. R.S. 40:982. He pled not guilty. He filed a motion to suppress, but the motion was denied. Following a jury trial, he was found guilty as charged by a unanimous verdict. He moved for new trial and for post-verdict judgment of acquittal, but the motions were denied. He was sentenced to thirty years at hard labor, the first ten years without benefit of probation, parole, or suspension of sentence, and was fined $100,000.

FACTS
Testimony at the suppression hearing and at trial reveal the following.[2] On April 6, 2000, Louisiana State Trooper Brooks David was driving behind a Cadillac when he noticed the vehicle's license plate had expired. Trooper David pulled the vehicle over. The defendant was the vehicle's driver. Trooper David advised the defendant of the violation and asked the defendant for his driver's license, registration, and proof of insurance. The defendant indicated his name was "James Griffin." He claimed his identification was in room 219 of the Holiday Motel. The defendant produced vehicle registration papers indicating the vehicle was registered to Stephanie Robichaux of Bourg. Trooper David used his police car's computer to determine whether a driver's license had been issued to a person with the name and date of birth given by the defendant. The search did not indicate a driver's license had been issued. Trooper David advised the defendant of the result of the computer search, and the defendant claimed he was from Mississippi. Trooper David searched to see if a Mississippi driver's license had been issued to a person with the name and date of birth given by the defendant, but again the search revealed no license was issued. Additionally, Trooper David learned the Cadillac's license plate should have been "GZR 0364" rather than "FJN 030," which was actually on the automobile. The latter license plate had been issued to a Chevrolet Corsica belonging to Stephanie Robichaux of Bourg.[3] The defendant was placed in the back of Trooper David's vehicle and driven to the Holiday Motel. The defendant was not handcuffed. Trooper David testified the defendant was not under arrest at that point, was being detained until proper identification could be found and would have been allowed to leave upon request. Trooper David went to room 219 of the Holiday Motel and a Mr. Harper came to the door. Trooper David asked Harper who the person in the back of the police *50 car was, and Harper stated, "Sylvester." The defendant began screaming, "no, no, that's my son, that's my son." Trooper David removed the defendant from the police car, placed him under arrest for giving false information, and advised him of his Miranda[4] rights. He then placed the defendant back into the police car and drove him back to the defendant's vehicle. Trooper David went to the passenger side of the defendant's vehicle to "look for some paperwork or some IDs inside of the vehicle." He was unsure of who owned the vehicle. As he opened the vehicle's passenger-side door, Trooper David saw an open black sunglass case on the right side of the passenger seat. The view of the sunglass case was not obscured. A clear cellophane bag containing a hard rock-like substance that Trooper David suspected to be crack cocaine was "sticking out" of the sunglasses case. Trooper David returned to the defendant, removed him from the police car and gave him a "pat-down." The defendant had a Chapstick/lipstick case in his right front pocket containing a rock-like substance Trooper David suspected to be crack cocaine. The defendant stated he did not smoke cocaine, but rather, "just sells it." Additionally, the defendant's cellular phone and pager kept ringing. When asked, "what the deal was" the defendant indicated someone at the Sugar Bowl Motel was waiting for him "to bring those (referencing the cocaine) ... to him at the room." The defendant indicated he was going to sell the cocaine. The rock-like substances in the sunglass case and the Chapstick/lipstick tube were subsequently determined to contain cocaine.

EVIDENCE OF PRIOR POSSESSION OF COCAINE CONVICTION

(Assignment of error 1)
The defendant contends the trial court erred in permitting the prosecution to introduce to the jury evidence concerning his prior conviction for possession of cocaine. The defendant does not dispute that the prior possession of cocaine charge had to be listed in the bill of information to properly charge a violation of La. R.S. 40:982. See State v. Murray, 357 So.2d 1121, 1124 (La.1978); State v. Rodriguez, 572 So.2d 358, 359-60 (La.App. 1 Cir.1990). The defendant argues it was error, however, to read the portion of the bill of information regarding the possession of cocaine conviction to the jury and to allow the jury to determine whether he was a second offender.
Amendment V of the Constitution of the United States provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall ... be informed of the nature and cause of the accusation ...." (Emphasis added) La. Const. of 1974, art. I, § 13 provides that "[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." (Emphasis added)
To implement these constitutional provisions, La.C.Cr.P. art. 483 entitled "Allegations of Prior Convictions" provides as follows:
If it is necessary to allege a prior conviction in an indictment, it is sufficient to allege the name or nature of the offense and the fact, date, and court of the conviction.
An indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense.
Official Revision comment (a) for Article 483 provides as follows:
The first paragraph of this article is taken, with only minor stylistic changes, *51 from Art. 242 of the 1928 Code of Criminal Procedure. It is to facilitate the allegation of prior convictions in cases where such allegations must be included in the original indictment, as in offenses where the criminal statute or ordinance provides enhanced penalties for repeated violators of its provisions. For example, the Criminal Code crimes of theft (R.S. 14:67), operation of a vehicle while intoxicated (R.S. 14:98), and reckless operation of a vehicle (R.S. 14:99) all contain provisions for enhanced penalties for multiple offenders. However, there is no provision in those articles which authorizes a district attorney to wait until after a defendant is convicted of the charge in question to inform him that he has been prosecuted as a multiple offender. In such cases the prior convictions, like the amount of damage done in a simple arson case, is a matter to be determined in arriving at the degree of the defendant's guilt and must be alleged in the indictment. This is apparently the theory upon which Art. 242 was included in the 1928 Code. In State v. Compagno, 125 La. 669, 51 So. 681 (1910), the defendant was convicted of selling liquor to minors in violation of Act 176 of 1908, and was sentenced as a second offender. In appealing from the sentence, defense counsel argued that a cumulative penalty could not be imposed, since the affidavit charging the offense made no reference to a prior conviction. In setting the enhanced sentence aside, the supreme court stated: "Where a defendant claims the right to have the crime for which it is sought to convict him fully set forth in the act of accusation, his right to have a full statement cannot be denied to him on the ground that the state treats him with special leniency, and withholds a charge apprehending a charge of prior conviction, for the reasons that it may prejudice him before the jury. If the averment is essential, it should be made a ground in the affidavit. We are of the opinion that is it essential, that the first conviction must be alleged. It enters into and makes a part of the last offense. It is an aggravation which gives rise to an increase of punishment. In the matter of increasing the punishment it is essential." Id. at 670, 51 So. at 682. The Compagno decision was affirmed in State v. Daniel, 141 La. 423, 75 So. 102 (1917). (Emphasis added)
Pursuant to La.C.Cr.P. art. 765, the normal order of a criminal jury trial shall have, among other things, (1) the reading of the indictment to the jury, (2) the opening statement of the State and (3) the court's charge to the jury. Pursuant to La.C.Cr.P. art. 766, the State's opening statement "shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge." Pursuant to La.C.Cr.P. art. 802, the trial court shall charge the jury as to the law applicable to the case. Pursuant to La.C.Cr.P. art. 803, if "an indictment sets out an offense which includes other offenses of which the accused could be found guilty under the provision of Article 814 or 815, the court shall charge the jury as to the law applicable to each offense." Responsive verdicts are not provided for a second offense violation of the Uniform Controlled Dangerous Substances Law (UCDS) in La.C.Cr.P. art. 814 A. La. R.S. 40:961 et seq.; 40:982. (Some first offense violations are provided for. La.C.Cr.P. art. 814 A [48-57].) La. C.Cr.P. art. 814 B provides that, if responsive verdicts are not provided for a UCDS violation in Article 814 A, La.C.Cr.P. art. 815 applies. La.C.Cr.P. art. 815, provides as follows:
In all cases not provided for in Article 814, the following verdicts are responsive:

*52 (1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty.
(Emphasis added)
First offense violation of the UCDS law is a lesser and included grade of a second offense violation.
At voir dire, the defense objected to the State referring to any second or subsequent offense during voir dire.[5] The trial court overruled the objection and held the bill of information would be read in its entirety to the jury and evidence would be permitted concerning the defendant's prior conviction. The defense objected to the court's ruling. Both prior to the admission of evidence of the defendant's prior conviction, and as part of its charges to the jury, the trial court instructed the jury:
If you find that the defendant was previously convicted as alleged, then he is subject to an enhanced penalty if you find him guilty of the conduct charged in this Bill of Information. The prior conviction alleged in the Bill of Information is alleged solely to enhance the penalty, should you find that the defendant possessed cocaine with the intent to distribute cocaine on the occasion charged in this Bill of information, that is April 6th, 2000. You are not to consider the prior conviction or in any way take it into account in assessing the defendant's guilt or innocence of the conduct charged in this Bill of Information. That is, the charge that the defendant Possessed Cocaine with the Intent to Distribute Cocaine on April the 6th, 2000.
This assignment of error is patently without merit.

MOTION TO SUPPRESS

(Assignment of error 2)
The defendant contends the trial court erred in denying his motion to suppress. He argues the evidence seized as a result of the search of the Cadillac should have been suppressed because the search of the vehicle did not qualify as an inventory search. The evidence was constitutionally seized. The trial court's denial of the motion to suppress is correct and is affirmed.
A police officer may conduct an investigatory stop if the officer has a reasonable suspicion, supported by specific and articulable facts, that the person is, or is about to be, engaged in criminal conduct or is wanted for past criminal acts. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Fisher, 97-1133, p. 5 (La.9/9/98), 720 So.2d 1179, 1183. See also La.C.Cr.P. art. 215.1 A, which provides: "A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions."
A search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established and well delineated exceptions. One of these exceptions is a search incident to a lawful arrest made of a person and the area in his immediate control. But, in order to justify a search *53 as incident to an arrest, the arrest itself must have been lawful. An arrest is lawful when it is based on probable cause. Finally, when the constitutionality of a warrantless search is at issue at a suppression hearing, the state must bear the burden of affirmatively showing that it was justified under one of the exceptions to the warrant requirement. State v. Raheem, 464 So.2d 293, 295-96 (La.1985).
Another exception to the search-warrant requirement is the plain-view exception. Two conditions must be satisfied to trigger the applicability of the doctrine: (1) there must be a prior justification for an intrusion into the protected area; (2) it must be immediately apparent without close inspection that the items are evidence or contraband. State v. Gordon, 93-1922, p. 7, n. 7 (La.App. 1 Cir. 11/10/94), 646 So.2d 995, 1001, n. 7. "Immediately apparent" requires no more than probable cause to associate the property with criminal activity. Texas v. Brown, 460 U.S. 730, 741-42, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983).
Trooper David's observation of the Cadillac's expired license plate provided a basis for an investigatory stop of the vehicle. Thereafter, the defendant's inability to produce a driver's license, the fact the vehicle was registered to someone other than the defendant, the fact the vehicle had the license plate of another vehicle and the fact the defendant falsely identified himself provided probable cause and justification for Trooper David's entry into the Cadillac to look for documentation of the defendant's identity and/or the vehicle's owner.[6] Trooper David subsequently observed the suspected cocaine in the sunglasses case in plain view, and the discovery of the cocaine provided probable cause for the defendant's arrest on cocaine charges. The cocaine discovered on the defendant's person was the product of a search incident to the defendant's arrest on cocaine charges.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the trial court ruling on the motion to suppress, the conviction and the sentence are affirmed.
AFFIRMED.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] In determining whether the ruling on the defendant's motion to suppress was correct, we are not limited to the evidence adduced at the hearing on the motion. We may consider all pertinent evidence given at the trial of the case. State v. Chopin, 372 So.2d 1222, 1223, n. 2 (La.1979).
[3] At the suppression hearing, Trooper David indicated the Cadillac's plate should have been, "Gar Zulu Romeo 064" but in fact was, "Fox Trot November 030. At trial, Trooper David indicated the Cadillac's plate should have been "GZR0364" but in fact was, "Foxtrot Juliet November 030."
[4] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[5] Although the defense objection was made in response to the State's reference to other crimes listed on the bill of information during voir dire, argument concerned the State's reference to the other crimes at trial also.
[6] Entry into a vehicle to verify its ownership when the vehicle's ownership is at issue provides a "prior justification" for entering the vehicle. See State v. Lee, 25,917, p.3 (La.App. 2 Cir. 5/4/94), 637 So.2d 656, 660.