KNOLL, Judge.
The sole issue on appeal is whether the trial judge erred in denying defense counsel’s motion to remove a juror who had read a newspaper article which may have been prejudicial to the defendant.
The defendant was indicted by the grand jury for the Fourteenth Judicial District with two counts of aggravated rape in violation of LSA-R.S. 14:42. Prior to trial the State severed the two counts. After the jury was impaneled and the alternate jurors had been selected, the trial judge instructed them not to discuss the case, nor to read the newspaper or watch television reports pertaining to the trial.
The newspaper article in question appeared in the Lake Charles American Press the morning after jury selection was completed. At the request of defense counsel all jurors were polled to find out if any of them had read the newspaper article. One juror acknowledged that he had read the article. The juror was then questioned in camera by the trial judge, the State, and defense counsel, to determine if the newspaper article had influenced his opinion of the case. We are not apprised of the contents of the article since it was not introduced into evidence and made a part of the record.
The trial court determined that the juror was not influenced by the newspaper article and that he would be fair and impartial. The defendant objected to the court’s ruling and reserved this assignment of error.
The defendant contends that the trial judge should have replaced the juror with an alternate juror since the original juror read the newspaper article. We find *991 that the record does not support the defendant’s argument. Once a juror has been selected it is expected that he will serve unless death, illness or other causes render him unfit or disqualified to perform his duty. State v. Square, 257 La. 743, 244 So.2d 200 (1971), vacated on other grounds, 408 U.S. 938, 92 S.Ct. 2871, 33 L.Ed.2d 760. Although the juror read the newspaper article, this in itself is not grounds for disqualifying him. It would have to be shown that the article influenced him and prevented him from being a fair and impartial juror. We note of particular importance, as did the trial judge in his per curiam, that at the conclusion of the trial the jury was not polled as provided by LSA-C.Cr.P. Art. 812. A verdict for conviction of aggravated rape requires a 10-2 vote therefore, it is mere speculation as to how the juror who read the article cast his verdict.
In questioning the juror, the trial court determined that although the juror had read the article, he was firm in his repeated assertions that the article had not prejudiced him against the defendant. The juror was unable to remember most of the article. Much of what he did remember was a synopsis of the testimony from the previous day. The article did not contain new information about the defendant. The juror was repeatedly questioned about any prejudice or influence that he would have felt as a result of reading the article. He answered consistently and candidly that he was not influenced nor prejudiced by the article. •
All of the evidence indicates that in spite of the juror reading the newspaper article he was not influenced by it. The record presents nothing to justify disqualification of the juror. In order to justify a reversal of a conviction, injury and prejudice must be shown. State v. Snowden, 198 La. 1076, 5 So.2d 355 (1941). In the absence of such proof the trial judge was correct in not removing the juror. State v. Hoffman, 120 La. 949, 45 So. 951 (La.1908).
This assignment of error is without merit.
DECREE
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.