GUIDRY, Judge.
Defendant, St. Louis Dunbar, Jr., was charged by bill of information with the crime of simple burglary, a violation of La.R.S. 14:62. After a trial by jury on December 20, 1984, defendant was found guilty as charged by a six person jury. On January 17, 1985, defendant was sentenced to serve ten (10) years at hard labor to run concurrently with a previously imposed sentence, with credit given for time served. Defendant appeals his conviction and sentence on the basis of three assignments of error.
FACTS
On December 29, 1983, between the hours of noon and 1:00 p.m., Fuselier Brothers Garage in Opelousas was burglarized. The Coke machine in the garage had been pried open and the change taken therefrom. A watch was taken from a desk drawer and the glove compartment of an automobile inside of the garage had been pried open. Entry into the garage was apparently obtained through a broken window. A footprint from a lug-type soled shoe was found atop a greasy table located directly under the broken window.
Between 2:30 and 2:45 p.m. that same day, defendant was arrested at a local bar, Johnny’s Place, for causing a disturbance. Defendant was taken into custody and found to have in his possession approximately $19.00 in quarters, dimes and nickels, a watch matching the description of the one stolen from the garage and a kitchen knife hidden in the lining of his coat. There were also several grease stains on defendant’s pants, shirt and jacket. Defendant was wearing shoes with a lug-type sole. Also in defendant’s possession was a ladies’ watch and six unopened packs of Kool cigarettes. Defendant was subsequently charged with committing simple burglary of Fuselier Brothers Garage.
Defendant’s appeal sets forth the following assignments of error:
1. The trial court erred in denying defendant’s motion to suppress the introduction of the knife found on defendant at the time of his arrest;
2. The trial court erred in sustaining the State’s objection to testimony of Lieutenant Paul Genusso that numerous arrests had been made in the general area of Johnny’s Place; and,
3. The trial court erred in overruling defendant's objection to the State’s questioning of defendant’s sole witness as to why she did not testify at defendant’s first trial.
ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, defendant contends that the trial court erred in denying his motion to suppress the introduction of the knife found on defendant at the time of his arrest. Defendant asserts in brief that the fact of his possession of the knife was substantially prejudicial since concealment of the knife was itself a potential criminal offense (La.R.S. 14:95), and therefore prejudiced the jury to believe *240 that defendant, guilty of one criminal offense, was most probably guilty of the offense charged. We find no merit to this argument.
Lieutenant Paul Genusso of the Opelou-sas City Police Department testified that he responded to a complaint of a disturbance at Johnny’s Place at around 2:30 or 2:45 p.m. on the date of the burglary. When he arrived at Johnny’s Place, Lieutenant Genusso found defendant “raising three kinds of hell ...”. Defendant was arrested and taken to the police station in connection with the disturbance. A search of defendant was conducted incident to his arrest and a knife was found in the lining of the coat which he was wearing. Defendant moved to .suppress the introduction of the knife, which motion was denied by the trial judge who held that the relevancy of the knife as an instrument used in carrying out the burglary outweighed any prejudicial effect which it might have on the jury.
La.R.S. 15:441 states in part:
“Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. ...”
The trial court’s ruling as to the relevancy of evidence should not be disturbed absent a clear abuse of discretion. State v. Chaney, 423 So.2d 1092 (La.1982). If the evidence is relevant and otherwise admissible, the fact that it is prejudicial does not bar its admission. State v. Smith, 418 So.2d 515 (La.1982). In the instant case, the evidence of defendant’s possession of a knife was admissible since it was discovered incident to defendant’s valid arrest for disturbing the peace. Evidence seized pursuant to a valid arrest is admissible. State v. McGraw, 366 So.2d 1278 (La.1978). We thus find no abuse of the trial court’s discretion in allowing the introduction of the knife found in defendant’s possession at the time of the arrest.
Furthermore, we find no merit in defendant’s argument regarding the prejudicial effect upon the jury because of the fact that defendant was possibly guilty of the illegal carrying of weapons in violation of La.R.S. 14:95. The jury was at no time informed of the offense of illegal carrying of weapons and the knife was introduced by the State only to show its use by defendant as a prying tool. This assignment of error is therefore without merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant asserts that the trial court erred in sustaining the State’s objection to testimony of Lieutenant Paul Genusso regarding numerous arrests that had been made in the general area of Johnny’s Place. Defendant argues that such testimony was relevant to his theory of the case in that defendant had purchased the items taken in the burglary from persons who frequented the general area of Johnny’s Place.
Lieutenant Genusso's testimony did reveal that previous arrests had been made at and near Johnny’s Place; however, due to the trial judge sustaining the State’s objection, no testimony was elicited that Johnny’s Place was in a high-crime area or that “numerous” arrests had been made in that general areas
A trial judge’s discretion in determining issues of relevancy and in maintaining an orderly presentation of evidence must yield to defendant’s constitutional right to call witnesses and produce evidence in his defense. State v. Tuesno, 408 So.2d 1269 (La.1982).
When prejudice to the prosecution is balanced against defendant’s constitutional right to present relevant evidence in support of his defense, the balance should be weighed in favor of admissibility in those cases in which the prejudice is minimal. State v. Vaughn, 431 So.2d 358, 370 (La.1983), on rehearing. However, this does not require a trial court to permit the introduction of evidence which is irrelevant or which has so little probative value that it is substantially outweighed by other legitimate considerations in the administration *241 of justice. State v. Ludwig, 423 So.2d 1073 (La.1982).
In the instant case, the trial court’s apparent finding as to the irrelevancy of the testimony sought to be elicited from Lieutenant Genusso was not clearly erroneous. The sheer possibility that defendant could have purchased the stolen items from someone in the area of Johnny’s Place is certainly not sufficiently relevant to tend to negate the commission of the offense by defendant, especially in light of all of the other physical evidence tending to link defendant to the burglary. La.R.S. 15:441. Without presenting any specific evidence as to a particular person selling the stolen goods to defendant, evidence as to the mere possibility of such a sale is irrelevant.
This assignment of error is therefore without merit.
ASSIGNMENT OF ERROR NO. 3
Defendant’s final assignment of error is that the trial court erred in overruling defendant’s objection to the State’s questioning of Grace Audrey Bates as to why she did not testify at defendant’s first trial.
The sole witness called by defendant to testify at trial was Grace Audrey Bates, with whom defendant was living at the time of the burglary. Bates testified that defendant’s pants had grease stains on them since two days prior to the day of the robbery. During cross-examination, the State questioned Bates as to why she failed to testify at defendant’s first trial, which resulted in a hung jury. Defense Counsel’s objection to that line of questioning was overruled by the trial court. Bates responded to the question that she had been subpoenaed as a witness in the first trial but was not called to the stand to testify.
Counsel for defendant argues on appeal that the questions regarding Bates’ failure to testify at the first trial were “extremely” prejudicial and that it was his understanding that no reference would be made to the first trial at defendant’s second trial. Defendant therefore contends that the trial court erred in allowing the questions. We disagree.
It is well settled that any reference to the accused’s failure to take the stand and testify mandates a mistrial. La.C.Cr.P. Art. 770(3); State v. Fullilove, 389 So.2d 1282 (La.1980); State v. Stephenson, 412 So.2d 553 (La.1982). Such is not the case, however, for references made about a potential witness’ failure to testify. In fact, there is a legislatively established presumption that evidence under the control of a party and not produced by him would not have beén favorable to him. La.R.S. 15:432; State v. Baxter, 357 So.2d 271 (La.1978); State v. Pounds, 359 So.2d 150 (La.1978).
In State v. Pounds, supra, the court held that the State’s reference to the defendant’s girl friend’s failure to testify was permissible. And in Bossier v. Desota General Hospital, 442 So.2d 485 (La.App. 2nd Cir.1983), writ denied, 443 So.2d 1122 (La.1984), it was held that the comment of plaintiff’s counsel in closing argument regarding the failure of defendant to call a particular witness was not “improper or beyond the limits of fair advocacy, nor designed to unduly inflame the jury”.
Although we have found no cases in which reference was made to a witnesses’ failure to testify at a prior trial, we find that such questioning caused no harm to defendant. In order to justify a reversal of a conviction, injury and prejudice must be shown. State v. Toussand, 437 So.2d 989 (La.App. 3rd Cir.1983). In the instant case, defendant has failed to make any showing of prejudice. In the absence of such a showing, any error that may have occurred was harmless. State v. Johnson, 343 So.2d 155 (La.1977); State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983). Thus, this assignment of error is without merit.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.